■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PENNINGTON, Appellant. [629 NYS2d 928] —Judgment

unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in charging intentional murder and depraved indifference murder in the conjunctive *(see, People v Gallagher,* 69 NY2d 525). That contention has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029, 1031; *see also, People v Gray,* 86 NY2d 10), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). Defendant further contends that he was denied effective assistance of counsel. We conclude that "the evidence, the law, and the circumstances of [the] * * * case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Polanco,* 216 AD2d 957; *People v Valentine,* 212 AD2d 399).

We have reviewed the alleged instances of impropriety on the part of the prosecutor and conclude that, while some of the prosecutor's statements on summation exceeded the bounds of fair comment, reversal is not required because those statements to which defendant objected did not rise to a level such that they substantially prejudiced defendant *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031).

Defendant contends in his *pro se* supplemental brief that the court erred in failing to impose sanctions on the People for their failure to turn over the handwritten notes of a police investigator. The investigator destroyed his notes and conceded that there may have been discrepancies between the notes and subsequent depositions of eyewitnesses. Defendant, however, failed "to make an unambiguous objection when the *Rosario* violation was first noted" and thus the issue is not preserved for our review *(People v Rogelio,* 79 NY2d 843, 844). We have reviewed the remaining contentions, including those raised in defendant's *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Murder, 2nd Degree.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.