■ In the Matter of MARY DECORSE, Appellant, v CITY OF BUFFALO et al., Respondents. [659 NYS2d 604] —Judgment unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: Petitioner was assaulted in the basement of the apartment building where she was living. Her attorneys discovered that numerous complaints of criminal conduct at that address had been investigated by respondent City of Buffalo Police Department in the two-year period prior to the assault. Before commencing an action against the landlord, her attorneys filed a Freedom of Information Law (FOIL) request for copies of 60 incident, investigation and follow-up reports of identified criminal complaints. After learning that petitioner wanted those reports as evidence of the owner's knowledge of the prior criminal activity, respondent City of Buffalo (City) refused to release its General Offense Reports without redacting personal identifying information. The City gave no reason for redacting that information. The City denied petitioner's administrative appeal on the ground that petitioner sought the names and addresses of victims and witnesses for commercial purposes (*see,* Public Officers Law § 89 [2] [b] [iii]). Petitioner appeals from a judgment denying her petition, which sought to compel the production of unredacted General Offense Reports.

We reject the contention that petitioner is entitled to relief

because the City failed to respond in a timely manner to her FOIL request and administrative appeal. Although the City failed to respond to her initial request within five days (*see,* Public Officers Law § 89 [3]), that failure is deemed a denial (*see,* 21 NYCRR 1401.7 [c]), triggering petitioner's right to appeal. Although the City also failed to respond to petitioner's administrative appeal within 10 days (*see,* Public Officers Law § 89 [4] [a]), it did make a determination, and petitioner's remedy was to commence this proceeding for a review of the determination (*see,* Public Officers Law § 89 [4] [b]).

We also reject the City's contention that petitioner failed to comply with FOIL because she did not serve a subpoena pursuant to CPLR 2307. The provisions of the CPLR relating to discovery in civil actions do not apply to FOIL requests (*see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 82-83). There is no requirement that a person filing a FOIL request serve a subpoena on the public agency.

The City erred in refusing to release unredacted copies of the General Offense Reports to petitioner on the ground that the names and addresses of the complainants and witnesses are sought for a commercial or fund-raising purpose. The use of information in the maintenance of a civil action to redress an alleged tortious wrong is not "commercial" activity, "if that term is given its natural and most obvious meaning" (*Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92, 96). Petitioner is not seeking to solicit clients (*see, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294; *Matter of Goodstein v Shaw,* 119 Misc 2d 400) or membership dues (*see, Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept., supra*).

The City did not deny access to the records on the ground that those reports, if disclosed, would identify a confidential source (*see,* Public Officers Law § 87 [2] [e] [iii]) and has failed to establish factually that production of the reports would otherwise constitute an unwarranted invasion of privacy (*see, Cornell Univ. v City of N. Y. Police Dept.,* 153 AD2d 515, 517, *lv denied* 75 NY2d 707; *Matter of MacHacek v Harris,* 106 Misc 2d 388, 393). Thus, petitioner is entitled to unredacted copies of the reports (*see, Matter of Rushford v Oneida-Herkimer Solid Waste Auth.,* 217 AD2d 966). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Denman, P. J., Green, Doerr, Balio and Boehm, JJ.