■ In the Matter of FARIDA BURTIS, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [742 NYS2d 545] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 3, 2000, which, in an action against defendant police department seeking damages for failure to properly investigate harassing phone calls made to plaintiff, refer her complaints to the District Attorney for prosecution, and timely comply with her Freedom of Information Law (FOIL) requests, granted defendant's motion to dismiss the complaint for failure to state a cause of action, and denied plaintiff's cross motion seeking, in effect, a default judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 24, 2000, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

Defendant's investigation of plaintiff's claims of harassing phone calls involved an exercise of discretion for which defendant cannot be held liable in negligence absent an allegation that any of the police officers with whom plaintiff spoke specifically promised to perform a particular act on her behalf (see, Cuffy v City of New York, 69 NY2d 255, 260; see also, Tango v Tulevech, 61 NY2d 34, 40). Plaintiff's FOIL claims are barred by the res judicata effect of a prior order holding that her FOIL requests had been supplied. Moreover, money damages are not available for an agency's failure to comply with a FOIL request, relief being limited to an administrative appeal and a CPLR article 78 proceeding (Public Officers Law § 89 [4]; see, Matter of DeCorse v City of Buffalo, 239 AD2d 949, 949-950). Plaintiff's claim that defendant backdated its motion to dismiss the complaint so as to avoid the consequences of an order conditionally granting a default judgment unless it answered or moved with respect to the complaint within 20 days was fully investigated by the Chief Clerk of the Supreme Court, and no basis exists to conduct the evidentiary hearing which plaintiff seeks in connection with such claim. We have considered and rejected plaintiff's other arguments. Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.