OPINION OF THE COURT
David J. Mahoney, J.
Petitioner commenced this proceeding to seek review of a de *382 termination by the Freedom of Information Law (FOIL) (Public Officers Law § 87 et seq.) appeals officer for the Erie County District Attorney regarding the denial of her request for certain records. Specifically, petitioner seeks the release of autopsy photographs and photograph log, a copy of a news broadcast videotape, and a “secret file.”
Preliminarily, the court addresses the procedural issues raised by the parties. First, the court sees no purpose in dismissing this proceeding based on statute of limitations grounds. Although it was incumbent upon petitioner to serve the petition in a timely manner, the court believes that even if respondents were correct that service was untimely, nothing would be gained by dismissal. The court is unaware of any rule that precludes petitioner, or another person with a related interest in the information, from commencing a separate FOIL request for the same documents and commencing a timely proceeding in the event that request is denied. Similarly, the court does not believe that the conflict of interest issue raised by petitioner has merit, and even if it did, what value would be gained by disqualifying the District Attorney from arguing the case and instead substituting the County Attorney. Further, given the importance of the documents to the petitioner, the court believes that it is in the interest of justice to reach the merits of the proceeding.
The court agrees with petitioner that the autopsy photographs and photograph log are subject to disclosure under FOIL and that there is no exemption that would justify the withholding of the documents. Respondents first state that the photographs and related reports are specifically exempt from disclosure by statute. However, there is no statute that specifically exempts the photographs and reports from disclosure; rather, County Law § 677 (3) (b) requires that upon application of “any person who is or may be affected in a civil or criminal action by the contents of the record of any investigation [of an autopsy], or upon application of any person having substantial interest therein,” the court may order the release of the record of the investigation. Here, it is beyond dispute that petitioner is the spouse of an incarcerated person and seeks access to the autopsy photographs and related reports for the purpose of pressing, by way of criminal motion, for review of the conviction. Certainly, an inmate has a substantial interest of disclosure of autopsy records (see, Matter of Diaz v Lukash, 82 NY2d 211). The court believes that petitioner herein has a substantial interest as it relates to her spouse.
*383 The court does not believe the privacy concerns of family members of the victim overrule the disclosure of the records. Clearly, County Law authorizes this court to order release of autopsy records without reference to FOIL. Therefore, the court does not see how release of the photographs would fall under the exemption for “unwarranted invasion of personal privacy” under FOIL (Public Officers Law § 87 [2] [b]).
With respect to petitioner’s request for a news broadcast videotape, the court does not believe that the videotape is a governmental record subject to FOIL. It is not clear how or why the District Attorney’s office obtained the videotape and whether the videotape was used during the course of the trial. In any event, it is not a “record” and thus does not have to be disclosed under FOIL. (See, Matter of Sideri v Office of Dist. Attorney, 243 AD2d 423.)
Finally, the court has reviewed the contents of the “secret file” and concludes that release of that information would “constitute an unwarranted invasion of personal privacy.” The court would like to reassure petitioner that it thoroughly reviewed the documents in the “secret file” and found nothing that would assist petitioner or her spouse in pursuing criminal motions to overturn the conviction.