■ In the Matter of JAMES PENNINGTON, Appellant, v FRANK J. CLARK, as Erie County District Attorney, et al., Respondents. (Appeal No. 1.) [763 NYS2d 191] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Flaherty, J.), entered September 10, 2001, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Following the denial of petitioner's request for photographic reprints under the Freedom of Information Law ([FOIL] Public Officers Law art 6), petitioner commenced this CPLR article 78 proceeding seeking, inter alia, an order compelling respondents to release the requested records in the format requested by him. Respondents asserted in their answer that they were not required to make photographic reprints. By the judgment in appeal No. 1, Supreme Court dismissed the petition and, by the order in appeal No. 2, dismissed petitioner's order to show cause, allegedly pursuant to CPLR 5015, seeking vacatur of the memorandum decision underlying the judgment in appeal No. 1. We now affirm in both appeals.

As a preliminary matter, respondents contend that petitioner has failed to exhaust his administrative remedies. We disagree. Petitioner's initial request for certain photographs elicited no response. Petitioner then submitted a "Freedom of Information Appeal," and respondents thereafter agreed to give him photocopies of the requested photographs in exchange for a fee. Petitioner sent a third letter clarifying that he was requesting photographic reprints of the photographs. Over one month later respondents denied that clarified request, and petitioner commenced this CPLR article 78 proceeding. Respondents' failure to respond to petitioner's initial letter request within five business days is deemed a denial, triggering petitioner's right to an administrative appeal (*see* 21 NYCRR 1401.7 [c]; *Matter of Legal Aid Socy. v New York City Police Dept.*, 274 AD2d 207, 215 [2000], *lv dismissed in part and denied in part* 95 NY2d 956 [2000]; *Matter of DeCorse v City of Buffalo*, 239 AD2d 949, 950 [1997]). Respondents' failure to inform petitioner at the time of that denial that he had the right to an administrative appeal negates respondents' contention "that petitioner failed to exhaust his administrative remedies" (*Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]; *see Matter of Barrett v Morgenthau*, 74 NY2d 907, 909 [1989]). In any event, we treat petitioner's second letter as an administrative "appeal," and conclude that the relief requested therein was granted. With respect to petitioner's third letter, respondents failed to respond to the clarified request within the five-day period required for initial requests (*see* Public Officers Law § 89 [3]) or within the 10-day period prescribed for administrative appeals (§ 89 [4] [a]). Additionally, respondents again failed to inform petitioner of his right to appeal when they eventually denied the clarified request. We therefore conclude that the further contention of respondents that petitioner failed to exhaust his administrative remedies with respect to the clarified request is negated by their own failure to address petitioner's FOIL requests in a timely manner (*see Barrett*, 74 NY2d at 909; *Rivette*, 272 AD2d at 649).

With respect to the merits of petitioner's contention, we conclude that respondents were not required to make photographic reprints of the photographs requested by petitioner. While "Public Officers Law § 86 (4) provides that a photograph is a record within the meaning of the statute, section 87 (1) (b) merely requires an agency to provide copies or reproductions of records, and nowhere suggests that an agency must provide reprints of photographs" (*Matter of Adams v Hirsch*, 182 AD2d 583, 583 [1992]). Unlike computer and electronic records, which may be requested in a specific format (*see Matter of Brownstone*

*Publs. v New York City Dept. of Bldgs.*, 166 AD2d 294 [1990]; *see also United Transp. Union-Illinois Legislative Bd. v Surface Transp. Bd.*, 132 F3d 71, 75 [1998]), photocopies of photographs are "in a reasonably accessible form" and thus respondents have "no obligation under [FOIL] to accommodate [petitioner's] preference" (*Dismukes v Department of Interior*, 603 F Supp 760, 763 [1984]).

We reject petitioner's contention that respondent Steven Meyer, Assistant District Attorney, violated 21 NYCRR 1401.7 (b) by acting as both records access officer and appeals officer. At no time did Meyer sit in judgment over his own decisions concerning petitioner's requests and, therefore, Meyer did not serve in a dual capacity. Additionally, there was no impropriety in the District Attorney's office representing itself in this civil proceeding (*see Eisenberg v District Attorney of County of Kings*, 847 F Supp 1029, 1032-1033 [1994]). Finally, petitioner failed to raise in his petition his present contention that an impermissible conflict of interest arose when Meyer acted as counsel in this case, and thus petitioner has failed to preserve that contention for our review (*see Matter of Kemp v Erie County Dept. of Social Servs.*, 266 AD2d 905 [1999]; *see also Gregory v Town of Cambria*, 69 NY2d 655, 656-657 [1986]). Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Gorski, JJ.