Appeal and cross appeal from a judgment (denominated order) of Supreme Court, Erie County (Mahoney, J), entered July 24, 2002, which granted petitioner’s Freedom of Information Law requests in part and denied them in part.
It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Following the conviction of petitioner’s husband of murder in the second degree (People v Pennington, 217 AD2d 919 [1995], lv denied 87 NY2d 906 [1995]), petitioner and her husband each filed Freedom of Information Law (FOIL) requests with the Erie County District Attorney’s office seeking records concerning the criminal investigation that led to the conviction. We recently affirmed the judgment denying the husband’s requests (Matter of Pennington v Clark, 307 AD2d 756 [2003]). Respondents appeal and petitioner cross-appeals from a judgment granting petitioner’s requests in part and denying them in part (Matter of Pennington v Clark, 194 Misc 2d 381 [2002]). Supreme Court erred in deciding the matter on the merits without determining whether the proceeding was timely commenced. The court saw no purpose in deciding that issue because it determined that, even if the proceeding was barred by the statute of limitations, nothing would preclude petitioner from submitting a subsequent FOIL request for the same information and commencing a subsequent proceeding challenging the denial of that request. We disagree. “[I]f two FOIL requests are duplicative, the court may dismiss the proceeding challenging a determination of the latter request, as a belated attempt to seek judicial review of the denial of the first request” (Matter of Greene v City of New York, 196 Misc 2d 125, 130 [2003]; see Matter of Kelly v New York City Police Dept., 286 AD2d 581 [2001]).
Inasmuch as the record is insufficient for us to determine the issue of timeliness as a matter of law, we hold the case, reserve decision and remit the matter to Supreme Court, Erie County, to determine whether the instant proceeding was timely commenced {see CPLR former 304) and to conduct an evidentiary *913 hearing, if needed. Present—Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.