In the Matter of JANICE M. PENNINGTON, Respondent-Appellant, v FRANK J. CLARK, as Erie County District Attorney, et al., Appellants-Respondents. [791 NYS2d 774]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (David J. Mahoney, J.), entered July 24, 2002. The appeal and cross appeal were held by this Court by order entered November 21, 2003, decision was reserved and the matter was remitted to the Supreme Court, Erie County, for further proceedings in accordance with a memorandum (1 AD3d 912 [2003]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by

granting those parts of the petition requesting duplication of videotaped news broadcasts retained by respondents and pages 3, 4 and 8 of documents withheld by Supreme Court and as modified the judgment is affirmed without costs and respondent Erie County District Attorney is directed to provide those news broadcasts and pages.

Memorandum: Following the conviction of petitioner's husband of murder in the second degree (*see People v Pennington*, 217 AD2d 919 [1995], *lv denied* 87 NY2d 906 [1995]), petitioner and her husband each filed Freedom of Information Law ([FOIL] Public Officers Law art 6) requests with the Erie County District Attorney's office seeking records concerning the criminal investigation that led to the conviction. Although we affirmed a judgment denying the husband's requests (*Matter of Pennington v Clark*, 307 AD2d 756 [2003]), we held petitioner's case, reserved decision and remitted the matter to Supreme Court to determine whether petitioner timely commenced her proceeding (*Matter of Pennington v Clark*, 1 AD3d 912 [2003]). Upon remittal, the court held a hearing and accepted exhibits establishing that petitioner timely filed a "notice of petition" and "order to show cause." The court found that the cause of petitioner's delay in serving the order to show cause on respondent was the court's delay in signing it. Thus, the court concluded that the proceeding was timely commenced and, additionally, exercised its discretion pursuant to CPLR 304 and 306-b to order a "nunc pro tunc extension."

We agree that the proceeding was timely commenced and conclude that the court providently exercised its discretion in granting the extension (*see Castillo v Navarro*, 13 AD3d 329, 330 [2004]; *Tarzy v Epstein*, 8 AD3d 656 [2004]; *see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). We further conclude that an error in denominating the petition a "notice of petition" is a technical defect that is not fatal to a proceeding where, as here, the "notice of petition" contained all the requisite elements of a petition (*see e.g. Matter of Marmo v Department of Envtl. Conservation*, 134 AD2d 260, 260-261 [1987]).

With respect to the merits of the appeal and cross appeal, we conclude that the court properly granted petitioner's request for autopsy photographs of the homicide victim. Although autopsy photographs are generally exempt from disclosure under County Law § 677 (3) (b), a court may order that the photographs be made available for inspection to a person "having a substantial interest" in a criminal action related to the contents of the record or investigation (*see generally Matter of Diaz v Lukash*, 82 NY2d 211, 216 [1993]).

We further conclude that the court erred in denying petitioner's request for duplication of videotaped news broadcasts retained by the Erie County District Attorney's office, and we therefore modify the judgment accordingly. It is well settled that the provisions of FOIL are "to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]; *see Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 697 [1993]). "FOIL defines a 'Record' subject to its provisions as 'any information kept, held, filed, produced or reproduced by, with or for an agency . . . in any physical form whatsoever' " (*Matter of City of Newark v Law Dept. of City of N.Y.*, 305 AD2d 28, 31 [2003], quoting Public Officers Law § 86 [4]; *see Capital Newspapers, Div. of Hearst Corp.*, 69 NY2d at 248 n 1). "All documents falling within this broad definition are under FOIL's purview (although potentially subject to a statutory exemption) regardless of 'the function or purpose for which [such records] are generated or held' . . . and regardless of the fact that the documents may have originated outside a government agency subject to FOIL" (*City of Newark*, 305 AD2d at 31-32; *see Matter of Citizens for Alternatives to Animal Labs. v Board of Trustees of State Univ. of N.Y.*, 92 NY2d 357, 361 [1998]; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565 [1984]). Additionally, the scope of FOIL is not limited to " 'the purpose for which a document was produced or the function to which it relates' " (*Russo*, 81 NY2d at 698, quoting *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 581 [1980]; *see Capital Newspapers, Div. of Hearst Corp.*, 69 NY2d at 253). The videotape thus fits within the definition of a record and is subject to disclosure under FOIL unless it falls under an exemption. We reject respondents' contention that disclosure of the tape pursuant to court order would violate copyright laws. That same contention was raised and implicitly rejected in *Russo* (81 NY2d at 696-700).

Finally, we conclude that the court properly denied in part petitioner's request for "secret files." Public Officers Law § 87 (2) (b) permits an agency to deny a FOIL request for records that would amount to an unwarranted invasion of personal privacy under the provisions of section 89 (2) if disclosed. "What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities. . . . This determination requires balancing the competing interests of public access and individual privacy" (*Matter of Dobranski v Houper*, 154 AD2d

736, 737 [1989]; *see Matter of Empire Realty Corp. v New York State Div. of Lottery*, 230 AD2d 270, 273 [1997]). The court properly found that some of the documents requested by petitioner contained "information attributed to non-witnesses which, if disclosed, would identify a confidential source(s), and would constitute an unwarranted invasion of personal privacy." Because access to records may be denied or records may be redacted to prevent disclosure of confidential information or identification of confidential sources, including sources interviewed by law enforcement (*see e.g. Matter of De Oliveira v Wagner*, 274 AD2d 904, 904-905 [2000]; *Matter of Scarola v Morgenthau*, 246 AD2d 417, 418 [1998]; *Matter of DeCorse v City of Buffalo*, 239 AD2d 949, 950 [1997]), we see no error in the court's denial of petitioner's request for pages 1, 2, 5-7, and 9-11 of the documents at issue. Pages 3, 4 and 8, however, are in our view not exempt from disclosure. We therefore further modify the judgment accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Pine and Hayes, JJ.