In the Matter of JAMES E. PENNINGTON, Appellant, v JAMES WOYTASH, MD, DDS, et al., Respondent. [873 NYS2d 809]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered May 15, 2007. The order denied the motion of petitioner to hold respondent in civil contempt.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying his motion to hold respondent in civil contempt for failing to comply with the terms of a February 2007 order requiring respondent to allow petitioner or his representative to inspect and to obtain copies of certain autopsy records, including X rays taken during

the autopsy. The record establishes that petitioner, who was previously convicted of two counts of murder in the second degree (*People v Pennington*, 217 AD2d 919 [1995], *lv denied* 87 NY2d 906 [1995]), intended to use the records in a motion pursuant to CPL article 440 challenging the conviction. We conclude that Supreme Court properly denied the motion to hold respondent in contempt.

In support of the instant motion, petitioner presented evidence establishing that, in 1992, respondent possessed X rays taken during the victim's autopsy and that, in 2007, respondent possessed an autopsy report dated April 10, 1992. Contrary to the contention of petitioner, however, he did not establish that respondent failed to comply with the terms of the prior discovery order. Addressing first the autopsy report, petitioner's representative admitted that, pursuant to the prior discovery order, respondent produced a report dated April 10, 1992 describing the cause and manner of death. Petitioner's contention with respect to the X rays is equally unavailing. "To sustain a civil contempt, a lawful judicial order [or judgment] expressing an unequivocal mandate must have been in effect and disobeyed" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]). In support of his motion to hold respondent in contempt, petitioner was required to establish with reasonable certainty that respondent failed to turn over X rays that were in his possession at the time of the prior discovery order (*see Matter of Hynes v Hartman*, 63 AD2d 1, 4 [1978], *appeal dismissed* 45 NY2d 838 [1978]; *Matter of Hynes v Sloma*, 59 AD2d 1014, 1015-1016 [1977]). We conclude, however, that petitioner failed to meet that burden. Indeed, the record establishes that respondent conducted three separate searches for the X rays but was unable to locate them. The contention of petitioner that a hearing should be conducted to enable him to present evidence establishing that the New York State Department of Health lost his own copies of the X rays but not respondent's copies is without merit. Such evidence would not enable petitioner to establish that respondent possessed the X rays on the date of the prior discovery order. Thus, contrary to the contention of petitioner, the court did not abuse its discretion in denying his motion without conducting a hearing, inasmuch as "there is no 'factual dispute as to [respondent's] conduct unresolvable from the papers on the motion'" (*Quantum Heating Servs. v Austern*, 100 AD2d 843, 844 [1984]; *see Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]). Petitioner's contention that respondent allowed representatives of the District Attorney's Office to tamper with the autopsy file is unsupported by the record. " '[S]peculation,

surmise, [or] deduction, cannot supplant the requisite proof'"
(*Pereira v Pereira*, 35 NY2d 301, 309 [1974]).

We have reviewed petitioner's remaining contentions and
conclude that they are without merit. Present—Martoche, J.P.,
Smith, Fahey and Pine, JJ.