Lahtinen, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 14, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Thruway Authority partially denying petitioner’s Freedom of Information Law request.
Petitioner is a union employee and, as part of his job, purportedly seeks to ensure that nonunion contractors comply with the prevailing wage law (see Labor Law § 220). He filed a request under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) with respondent New York State Thruway Authority (hereinafter respondent) seeking, among other things, certified payroll records of a private nonunion contractor relating to work it performed on a public works project. Respondent partially granted petitioner’s request, providing employee titles and corresponding wage rates that were paid. However, respondent redacted the employees’ names, home addresses and Social Security numbers upon the ground that disclosure of such information would constitute an unwarranted invasion of personal privacy (see Public Officers Law §§87 [2] [b]; 89 [2]). Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking disclosure of the employees’ names and home addresses. Supreme Court dismissed the petition and petitioner appeals.
“FOIL is based on a presumption of access to [government] records, and an agency . . . carries the burden of demonstrating that [an] exemption applies to [a] FOIL request” (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007] [citations omitted). Exemptions are narrowly construed (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]). The personal privacy exemption (see Public Officers Law § 87 [2] [b]) incorporates a nonexhaustive list of categories of information that falls within the exemption (see Public Officers Law § 89 [2] [b] [i]-[vii]). Where, as here, none of the categories applies specifically, the issue of whether there is an “unwarranted invasion” of privacy is decided “by balancing the privacy interests at stake against the public interest in disclosure of the information” (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]).
Before engaging in the requisite balancing, we note that we find unpersuasive petitioner’s contention that Matter of New *1003 York State United Teachers v Brighter Choice Charter School (15 NY3d 560 [2010]) requires a ruling in his favor. That case, which held that a charter school did not have to supply the names of teachers to the union, dealt with a specific statutorily exempt category regarding information sought for fund-raising (see id. at 563-564; Public Officers Law § 89 [2] [b] [iii]) and, thus, there was no need, as here, to engage in the balancing analysis for a non-categorized privacy claim. Since the purpose for which the information was sought by the union in Brighter Choice fell within a specific statutorily exempt category, the Court of Appeals concluded that the statutory exemption controlled (Matter of New York State United Teachers v Brighter Choice Charter School, 15 NY3d at 565). Similarly, several of the cases from the Fourth Department relied upon by petitioner involved disputes over specific statutorily exempt categories (see; Matter of Buffalo News v Buffalo Mun. Hous. Auth., 163 AD2d 830, 831 [1990]; Matter of Hopkins v City of Buffalo, 107 AD2d 1028, 1029 [1985]; Matter of Casella v City of Rochester, Sup Ct, Monroe County, Mar. 10, 2010, Taddeo, J., index No. 09/16229, *2, affd for reasons stated below 78 AD3d 1597 [2010]). Conversely, a case from the First Department relied upon by respondents applied the balancing test to similar facts as here and concluded that it was proper to redact the home addresses of employees of a private contractor (see Matter of Joint Indus. Bd. of Elec. Indus, v Nolan, Sup Ct, NY County May 8, 1989, McCooe, J., index No. 00209/89, *1-3, affd for reasons stated below 159 AD2d 241 [1990]). Notwithstanding the distinction regarding the applicability of the balancing test, the holdings of these cases nevertheless reflect the difficulty of this issue.
We turn to the balancing analysis, which both parties agree applies. An unwarranted invasion of personal privacy has been characterized as that which “ ‘would be offensive and objectionable to a reasonable [person] of ordinary sensibilities’ ” (Matter of Empire Realty Corp. v New York State Div. of Lottery, 230 AD2d 270, 273 [1997], quoting Matter of Dobranski v Houper, 154 AD2d 736, 737 [1989]; see Matter of Pennington v Clark, 16 AD3d 1049, 1051-1052 [2005], lv denied 5 NY3d 712 [2005]). Petitioner’s union desires names and home addresses so that it can contact employees of the nonunion contractor to find out if they were paid as reported by their employer. The scenario of nonunion employees of a nongovernment employer being contacted at their homes by someone from a union who knows their names, their home addresses, the amount of money they reportedly earn, and who wants to talk about that income would be, to most reasonable people, offensive and objectionable. A significant privacy interest is implicated (cf. Department of *1004 Defense v FLRA, 510 US 487, 489 [1994]; Public Officers Law § 89 [7]; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d 1417, 1419 [2010], affd 18 NY3d 42 [2011]).
Petitioner counters that release of this information to his union is in the public interest since the union is attempting to ensure that the contractor paid appropriate wages and that the union is gathering necessary data should an underpaid employee desire its representation under Labor Law § 220-g. However, the redacted payroll records that respondent provided to petitioner — with employee titles and corresponding wage rates — provide sufficient information (absent fraudulent record creation by a contractor) to confirm whether the contractor complied with wage requirements. Moreover, if fraudulent or any other noncompliant conduct is suspected, further investigation may be initiated upon request to the appropriate government official. Labor Law § 220 (7) provides that a governmental fiscal officer (see Labor Law § 220 [5] [e] [defining fiscal officer]) “shall on a verified complaint in writing of any person interested or of [a union] [or] may on his [or her] own initiative cause a compliance investigation to be made to determine whether the contractor . . . has paid the prevailing rate of wages.” The fiscal officer is granted broad investigatory powers by such statute to ensure compliance (see Labor Law § 220 [7]; see generally Matter of Chesterfield Assoc. v New York State Dept. of Labor, 4 NY3d 597 [2005]).
Notwithstanding the FOIL presumption of access to information gathered by the government and the important policy of ensuring payment of prevailing wages, the significant personal privacy interests implicated here prevail, particularly since the information already provided to petitioner should be sufficient to ensure compliance; in any event, other avenues are available to ensure compliance without invading the privacy of the employees of the nonunion contractor by disclosing their names and home addresses.
The remaining arguments have been considered and are unavailing.
Rose, J.E, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.