14-4000-cv
Troy v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:   GUIDO CALABRESI,
                REENA RAGGI,
                RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

SUZANNAH B. TROY,

                 *Plaintiff-Appellant*,

        v.                                                    No. 14-4000-cv

CITY OF NEW YORK, NEW YORK CITY COMMISSIONER RAYMOND KELLY, INTERNAL AFFAIRS BUREAU CHIEF CAMPISI, DEPUTY INSPECTOR EDWARD WINSKI, NEW YORK POLICE DEPARTMENT LIEUTENANT ANGELO BURGOS, NEW YORK POLICE DEPARTMENT SERGEANT CHEN, NEW YORK POLICE DEPARTMENT DETECTIVE JOHN VERGONA, DETECTIVE ANDY DWYER, NEW YORK POLICE DEPARTMENT INTERNAL AFFAIRS BUREAU AGNES, INTERNAL AFFAIRS BUREAU SERGEANT MARY O'DONNELL, IN THEIR OFFICIAL AND

1

INDIVIDUAL CAPACITIES (BADGE NUMBERS REQUESTED WITHHELD FOR DET. VERGONA, SGT. CHEN, DET. DWYER),

*Defendants-Appellees*.[1]

_____

APPEARING FOR APPELLANT:      SUZANNAH B. TROY, pro se, Brooklyn, New York.

APPEARING FOR APPELLEES:      JONATHAN A. POPOLOW, Special Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2014, is AFFIRMED.

Appellant Suzannah B. Troy, proceeding pro se, appeals the dismissal of her 42 U.S.C. § 1983 complaint, which charged the City of New York and numerous members of the city's Police Department with violating her First Amendment and Equal Protection rights by failing to investigate an alleged assault that she had reported and by threatening her with arrest. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in the

[1] The Clerk of Court respectfully is directed to amend the official caption as shown above.

complaint as true, and drawing all reasonable inferences in the plaintiff's favor." In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 118, 122 (2d Cir. 2013) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

An independent review of the record and relevant case law reveals that the district court properly dismissed Troy's claims, and we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned decision. See Troy v. City of New York, No. 13-cv-5082 (AJN), 2014 WL 4804479 (S.D.N.Y. Sept. 25, 2014).

On appeal, Troy argues that the district court should have construed her complaint as raising a claim of racial, as well as sexual, discrimination because she is of a different race than her alleged assailant. She failed, however, to allege any facts supporting a plausible claim that defendants' treatment of her criminal complaint and that of her alleged assailant differed "based on impermissible consideration[]" of their races. Doninger v. Niehoff, 642 F.3d 334, 357 (2d Cir. 2011) (internal quotation marks omitted).

Troy also faults the district court for failing to consider that a detective directed her to report for arrest on a Saturday, after she informed him that she was Jewish. The point merits little discussion because, as the district court correctly observed, Troy's resolution of her dispute with the alleged assailant obviated the need for her to surrender for arrest on

3

any day.   Thus, she fails plausibly to allege injury resulting from the assigned date.

We have considered all of Troy's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4