In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schack, J.), entered March 27, 2015, which, upon (1) an order of the same court, dated June 17, 2013, granting the unopposed motions of the defendants Glenroy Johnson and Trevie Johnson and the defendant Shantue Myers for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, (2) an order of the same court dated January 27, 2014, denying the plaintiffs motion to vacate her default in opposing the motions for summary judgment, and (3) an order of the same court dated June 16, 2014, denying the plaintiffs motion for leave to renew or reargue the motion to vacate her default, is in favor of the defendants and against her dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 On August 12, 2010, the plaintiff, Simone Desuze, was driving on Remsen Avenue, near its intersection with Avenue K, in Brooklyn, when her vehicle was struck by two other vehicles— one driven by the defendant Glenroy Johnson and owned by the defendant Trevie Johnson (hereinafter together the Johnson defendants), and one driven and owned by the defendant Shantue Myers. The plaintiff commenced this action to recover damages for alleged injuries to the cervical region of her spine.
 

 On December 21, 2012, the Johnson defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In support, they submitted the affirmed report of an orthopedic surgeon who measured the range of motion of the cervical region of the plaintiff’s spine, and found the results to be normal. Myers separately moved for summary judgment dismissing the complaint insofar as asserted against her, adopting the evidence and arguments of the Johnson defendants. In an order dated June 17, 2013, the Supreme Court granted both motions upon the plaintiff’s default.
 

 On October 17, 2013, the plaintiff moved to vacate her default in opposing the motions for summary judgment. In support, she submitted the affidavit of an employee of the law firm representing her, who stated that she had been attempting to acquire the plaintiffs no-fault medical file since February of 2013, but did not acquire it until October of 2013. The plaintiff further submitted the affirmed report of a neurologist — which was not part of the missing no-fault file — who measured the range of motion of the cervical region of the plaintiffs spine on August 6, 2012. In an order dated January 27, 2014, the Supreme Court denied the plaintiffs motion to vacate her default, finding that the plaintiff failed to demonstrate a reasonable excuse for her default. In an order dated June 16, 2014, the court denied the plaintiffs motion for leave to renew or reargue.
 

 A judgment was entered March 27, 2015, upon the orders, which is in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
 

 A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029 [2013]; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661-662 [2009]). “A motion to vacate a default is addressed to the sound discretion of the court” (Vujanic v Petrovic, 103 AD3d 791, 792 [2013]).
 

 Here, the Supreme Court properly found that the plaintiff failed to demonstrate a reasonable excuse for her default (see Byers v Winthrop Univ. Hosp., 100 AD3d 817, 819 [2012]; White v Daimler Chrysler Corp., 44 AD3d 651, 651-652 [2007]; cf. Wilson v Rotondi, 109 AD3d 609, 611 [2013]). The plaintiff failed to offer any explanation as to why she did not oppose the motion for summary judgment by submitting the affirmed report of the neurologist who measured her range of motion in August of 2012. This report was not part of the no-fault file that the plaintiffs law firm had problems acquiring.
 

 In view of the foregoing, we need not address whether the plaintiff set forth a potentially meritorious opposition to the motions for summary judgment.
 

 The parties’ remaining contentions are without merit.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.