Troy v City of New York (2018 NY Slip Op 02293)





Troy v City of New York


2018 NY Slip Op 02293


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6168 101885/15

[*1]Suzannah B. Troy, Plaintiff-Appellant,
v
The City of New York, et al, Defendants-Respondents.


Suzannah B. Troy, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Devin Slack of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 24, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a default judgment, and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's motion for a default judgment was properly denied. All of the named defendants appeared and answered the complaint with the exception of Sergeant Chen, and there is no proof that Chen was ever served with process.
The motion to dismiss was also properly granted. Plaintiff's federal claims are barred by the doctrine of res judicata, as they were dismissed on the merits in a prior federal action (Troy v City of New York, 2014 WL 4804479, 2014 US Dist LEXIS 136339 [SD NY 2014], affd 614 Fed Appx 32 [2d Cir 2015]; see Matter of Hunter, 4 NY3d 260, 269 [2005]).
Plaintiff also failed to state any valid state-law claims.
Plaintiff's claims that are based upon a failure to investigate, were properly dismissed as it involved an exercise of discretion for which defendant cannot be held liable (see Matter of Burtis v New York City Police Dept., 294 AD2d 315 [1st Dept 2002], lv denied 98 NY2d 612 [2002]). To the extent the claims are based upon negligent hiring, retention, supervision, or training, they were properly dismissed because where, as here, "an employee is acting within the scope of his or her employment, ... no claim may proceed against the employer for negligent hiring or retention" (Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1st Dept 1997]).
Plaintiff's claim for intentional infliction of emotional distress must fail because she did not allege the requisite extreme and outrageous conduct (see Howell v New York Post Co., 81 NY2d 115, 121-122 [1993]), and her claim for coercion in violation of Penal Law § 135.60 fails because coercion is a criminal offense that does not imply a private right of action (see Minnelli v Soumayah, 41 AD3d 388 [1st Dept 2007], lv dismissed 9 NY3d 1028 [2008]).
Furthermore, defendant New York City Police Department should be dismissed from the action on the independent ground that it is a non-suable agency of the City (see New York City [*2]Charter § 396; Matter of Carpenter v New York City Hous. Auth., 146 AD3d 674 [1st Dept 2017], lv denied 29 NY3d 911 [2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK