Matter of Broach & Stulberg, LLP v New York State Dept. of Labor (2021 NY Slip Op 03509)





Matter of Broach & Stulberg, LLP v New York State Dept. of Labor


2021 NY Slip Op 03509


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

532046
[*1]In the Matter of Broach & Stulberg, LLP, Respondent,
v
New York State Department of Labor, Appellant.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for appellant.
Stulberg & Walsh LLP, New York City (Patrick J. Walsh of counsel), for respondent.



Egan Jr., J.
Appeal from an amended judgment of the Supreme Court (Corcoran, J.), entered September 8, 2020 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's Freedom of Information Law request.
In November 2018, petitioner filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request with respondent seeking 13 categories of records pertaining to various apprenticeship training programs [FN1] sponsored by the Local 355 United Service Workers Joint Apprenticeship Training Fund (hereinafter the Union) for the period between January 1, 2015 and November 20, 2018. Respondent's records access officer granted petitioner's request to the extent that it disclosed 425 pages of records within its possession, but denied petitioner's request to the extent that it sought disclosure of, among other things, categories 4, 5 and 11 seeking the electronic and non-electronic blue books [FN2] and "[a]ny and all documents used or provided to enrollees in each of the programs for training or any other classroom activities related to training." Petitioner administratively appealed, and respondent's FOIL appeal officer issued a final determination finding, among other things, that the denial of the records related to categories 4, 5 and 11 was proper on the ground that respondent did not maintain these documents. Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court partially granted the petition by annulling that part of the determination as denied petitioner's request with respect to categories 4, 5 and 11 (hereinafter collectively referred to as the requested documents), finding that they were subject to disclosure. Respondent appeals.
FOIL requires that each agency shall make available for public inspection and copying all records unless the requested records are statutorily exempt from disclosure (see Public Officers Law § 87 [2]; Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017]). An agency may deny a FOIL request upon providing certification that it does not have possession of the requested record or, following a diligent search, that the record cannot be found (see Public Officers Law § 89 [3]; Matter of Wright v Woodard, 158 AD3d 958, 958 [2018]). FOIL does not generally "require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89 [3] [a]). However, an agency may nevertheless be required to disclose a record that is not in the agency's actual physical possession if it falls within the broad definition of "record," which is defined as "any information kept, held, filed, produced or reproduced by, with or for an agency" (Public Officers Law § 86 [4] [emphasis added]; see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 417 [1995]).
It is the [*2]public policy of this state to develop sound apprenticeship training standards and to encourage industry and labor to institute apprenticeship training programs in order to develop skilled crafts people in the state's labor force. The Commissioner of Labor is responsible for supervising these apprenticeship programs and has established and implemented procedures and standards for the approval and registration of such programs (see Labor Law § 811; 12 NYCRR 601.1-601.18). Pursuant thereto, private entities interested in providing apprenticeship programs — referred to as sponsors — are required to, among other things, register with respondent, "keep adequate records relative to all phases of the operation of the program, including but not limited to job assignments, promotion, demotion, lay-off or termination, rates of pay or other form of compensation or conditions of work, and any other records pertinent to a determination of compliance with [Labor Law article 23] and [12 NYCRR part 601], in such manner and form as may be required by [respondent]" (12 NYCRR 601.14). Program sponsors must also submit such records "as may be required by [respondent]" (12 NYCRR 601.5 [c] [19]).
According to respondent, it was not able to produce the requested documents because it did not have them in its possession as they were created and maintained by the Union in order for it to demonstrate its compliance with Labor Law article 23 and respondent's corresponding regulations, and to maintain its status as an active sponsor of apprenticeship programs. The question, therefore, distills to whether records that are maintained by a private entity for purposes of demonstrating regulatory compliance constitute records held "for an agency" so as to be subject to disclosure under FOIL (Public Officers Law § 86 [4]).
In determining that the requested documents constituted "records" as defined by FOIL, Supreme Court relied upon the Court of Appeals decision in Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale (87 NY2d 410 [1995]), which essentially held, as relevant here, that where a state agency delegates a duty to perform an essential service to a private, third-party entity for the agency's benefit, the documents received by that private entity for said purposes are considered to be "kept or held" for the agency and, therefore, subject to disclosure under FOIL (see Public Officers Law § 86 [4]). Unlike Matter of Encore, however, here respondent did not delegate a duty to the Union nor did the Union perform any essential service on respondent's behalf. The mere fact that respondent has the discretionary regulatory authority to ask the Union for the requested documents does not, ipso facto, render all documents that are created and maintained by the Union with respect to its apprenticeship programs subject to disclosure (see Public Officers Law § 86 [4]). Practically speaking, to so hold would render any document that [*3]was created or maintained by a private entity in order to comply with a corresponding agency regulation requiring the production and retention thereof a "record" subject to disclosure under FOIL (see Public Officers Law § 86 [4]). For example, payroll records maintained by private entities pursuant to respondent's regulations (see e.g. 12 NYCRR 142-2.6) or tax records maintained by private individuals and/or entities pursuant to Department of Taxation and Finance regulations (see e.g. 20 NYCRR 39.1) would necessarily be considered records subject to FOIL, without regard to whether the requested documentation was ever actually in the agency's possession (see Public Officers Law § 89 [3]; Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1422 [2019]), examined or inspected by the agency so as to be within the agency's control (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]; compare Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 563-565 [1984]) or otherwise considered by the agency as part of its decision-making process.[FN3]
Although we recognize that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 69 NY2d 246, 252 [1987]), we do not find the definition of "record" to be so broad and all-encompassing as to bring within its ambit any document that a private entity might create and maintain pursuant to a state agency's regulation under the guise that said records are held "for" that agency (see Public Officers Law §§ 86 [4]; 87 [2]; 89 [3] [a]; Labor Law §§ 810, 813-a; 12 NYCRR 601.1, 601.8 [c]; 601.14; compare Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d at 417-418; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d at 563-565). Accordingly, we find that Supreme Court should not have granted that part of the petition as sought to require respondent to obtain and disclose the requested documents.
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the amended judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of petitioner's application as required respondent to produce the records in categories 4, 5 and 11; petition dismissed to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: The apprentice training programs included plumbing, steamfitting, pipefitting, heating, ventilation and air conditioning service and sheet metal.

Footnote 2: A blue book is a written record created by an apprentice in order to document task rotation and the skills he or she has acquired through the apprenticeship program and are used by the program sponsor to evaluate an apprentice's performance on a monthly basis.

Footnote 3: Additionally, to the extent that petitioner contends that the requested documents are subject to disclosure because respondent allegedly reviewed them during field inspections and the Union otherwise agreed to comply with respondent's regulations as part of its written registration agreement, said arguments are unpreserved for appellate review as these issues were not raised at either the administrative level or before Supreme Court (see Matter of Kosmider v Whitney, 34 NY3d 48, 53 n 2 [2019]; Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1392 [2016]).