Matter of Barletta v Martuscello (2024 NY Slip Op 50834(U))

[*1]

Matter of Barletta v Martuscello

2024 NY Slip Op 50834(U)

Decided on July 1, 2024

Supreme Court, Albany County

Farrell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2024
Supreme Court, Albany County

In the Matter of the Application of Daniel A. Barletta, Petitioner,

against
Daniel F. Martuscello, III, Respondent.

Index No. 1988-24

Petitioner — pro se
Respondent — Office of the Attorney General

James R. Farrell, J.

The following papers numbered 1 to 7 were read on this Article 78 petition:
PAPERS NUMBERED
Order to Show Cause, Affidavit in Support of Order to Show Cause; Brief of Petitioner; Appendix 1-4
Answer with Exhibits A-N; Memorandum of Law in Support of Respondent's Answer 5-6
Petitioner's Letter in Reply 7
Petitioner, Daniel A. Barletta, an incarcerated individual at Elmira Correctional Facility, brings this Article 78 proceeding challenging the denial of his FOIL request in which he sought, among other things, a "Dearest Peggy" letter which was confiscated on January 28, 2022, and a letter recovered from his cell at the Auburn Correctional Facility on August 9, 2021 which [*2]referenced the United Blood Nation and Bloods gangs (hereinafter referred to as "the Bloods letter").
The "Dearest Peggy" letter authored by Petitioner was directed to a female civilian staff member of the Auburn Correctional Facility who had worked in an area where she was in the presence of Petitioner. The letter, which was submitted for in camera review, contains threats of self-harm and implied threats against another, and references a painting that Petitioner was making for the staff member. An investigation into this incident was conducted and Petitioner's cell was searched, wherein a painting of a woman in a bikini was found along with Petitioner's journal which contained other writings related to the staff member. Petitioner was thereafter charged with violating the Standards of Incarcerated Individual Behavior, 7 NYCRR 270.2, Rule 107.11 — Harassment, which states "an incarcerated individual shall not harass an employee . . . in writing. Prohibited conducted includes . . . writing or otherwise communicating messages of a personal nature to an employee . . . "; Rule 102.10 — Threats, which states "an incarcerated individual shall not, under any circumstances make any threat, spoken, in writing, or by gesture;" and Rule 101.22 — Stalking, which states "an incarcerated individual shall not stalk an employee . . . . Stalking includes . . . conduct directed at a specific employee . . . where the incarcerated individual knowns, or reasonably should know, that such conduct is likely to cause reasonable fear of material harm to the physical health, safety or property of such person." A disciplinary hearing was held, and a determination issued on February 10, 2022, finding Petitioner guilty. Petition did not appeal the determination.
The "Bloods" letter was confiscated from Petitioner's cell on or about August 9, 2021. The letter, which was submitted for in camera review, contains a gang history for a gang called "Dng" or "Double 9 gangstas," an affiliate of the Bloods and United Blood Nation along with various "oaths" or "salutes" for that gang. Petitioner was thereafter charged with violating Rule 105.13 — Gangs, of the Standards of Incarcerated Individual Behavior, 7 NYCRR 270.2. Rule 105.13 states "an incarcerated individual shall not engage in or encourage others in gang activities or meetings, or display, wear, possess, distribute or use gang insignia or materials including, but not limited to, printed or handwritten gang or gang related material." A disciplinary hearing was held, and a determination issued on or about August 25, 2011, finding Petitioner guilty. The determination was upheld on administrative appeal.
Petitioner's FOIL request for the "Dearest Peggy" letter was denied pursuant to Public Officers Law §87(2)(f) on the grounds that disclosure of the letter could endanger the life or safety of any person. Petitioner's request for the "Bloods" letter was denied because it constituted contraband containing gang material.
Petitioner appealed the denial. In response to his appeal, the agency upheld the denial stating that both letters were exempt from disclosure pursuant to Public Officers Law §87(2)(f) on the grounds that disclosure could endanger the life or safety of any person. The agency further explained that both documents constituted contraband which Petitioner could not have in his possession. More specifically, the FOIL Appeals Officer stated:
The ["Dearest Peggy"] letter was sent to an employee of Auburn C.F. and was the basis of your being found guilty at a Tier 3 disciplinary hearing of the following charges: 101.22 (stalking), 107.11 (harassment), and 102.10 (threats). This letter would be considered contraband for you to possess in your cell while incarcerated. Regarding the letter containing gang material, Incarcerated individuals are unable to possess any gang-related information or materials pursuant to the standards of incarcerated individual [*3]behavior (Rule 105.13). Our review found that the letter is unable to be provided to you with information redacted per your request and is instead exempt in full.
Petitioner argues that release of the "Dearest Peggy" letter, which he wrote, would not engage the life or safety of any individual. He further argues that the "Bloods" letter can be redacted to remove any reference to the Bloods or the United Bloods Nation. In opposition, Respondents argue that the letters are physical evidence used against Petitioner in disciplinary hearings and are, therefore, not records within the meaning of FOIL. They further argue that release of the "Dearest Peggy" letter to Petitioner could result in the female staff member being further subject to harassment, stalking, threats and other trauma. In addition, Respondent submitted the affidavit of Jason Hanson, Director of the Crisis Intervention Unit for the Department of Corrections and Community Supervision ("DOCCS"). Mr. Hanson oversees all departmental investigations into gang activity, guidelines related to gang activity, the review of the department's unusual incident reporting system concerning gang activity, and all department crisis intervention unit personnel and resources. Mr. Hanson outlined the security and safety concerns related to gang activity within the correctional facility setting and how release of gang material could jeopardize the security and safety of the correctional facility; as well as the life and safety of its staff, incarcerated individuals, and those outside of the correctional facility. Respondent further argues that releasing the documents requested, which constitute contraband, would further embolden Petitioner and other incarcerated individuals to flout the rules of conduct within the correctional facility, which could threaten the safety and security of staff and incarcerated individuals.
Contraband confiscated by a correctional facility and used as evidence in a disciplinary hearing against an incarcerated individual is akin to physical evidence used against a defendant in a criminal proceeding (see Dobranski v Houper, 154 AD3d 736, 739 [3d Dept 1989]. Thus, this Court finds that the letters in question are not records within the meaning of FOIL. That the contraband in question happens to be a letter, as opposed to a cell phone or clothing, for example (see Matter of Badalamenti v Off. of Dist. Atty. Nassau County, 89 AD3d 1019, 1020 [2d Dept 2011] [cellphone]; Sideri v Off. of Dist. Atty., New York County, 243 AD2d 423, 423 [1st Dept 1997] [clothing and weapons]), does not alter the analysis. Petitioner's personal letters, had they not been confiscated by DOCCS as illegal contraband, would not constitute a record for the purposes of FOIL and would not be subject to disclosure (see Public Officers Law §86[4]; Pennington v Clark, 194 Misc 2d 381 [Sup Ct, 2002]; see generally Broach & Stulberg, LLP v New York State Dept of Labor, 195 AD3d 1133 [3d Dept 2021], lv denied 37 NY3d 914 [2021]). Moreover, permitting incarcerated individuals to obtain the return of confiscated contraband through FOIL is not in line with the legislative purpose of the statute (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440 [2005] ["The Legislature enacted FOIL to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy"]).
Even if this Court were to find that the letters were records for purposes of FOIL, the letters would be exempt from disclosure pursuant to Public Officers Law §87(2)(f) because release could endanger the life or safety of any person. Returning the "Dearest Peggy" letter to Petitioner would permit him to retraumatize the female staff person who is the subject of the letter. Moreover, contrary to Petitioner's contentions, the "Bloods" letter contains more than just a passing reference to the Bloods and the United Bloods Nation, which could be redacted. The [*4]entirety of the letter is gang related material. As detailed by Mr. Hanson, possession of gang related material and its dissemination within a correctional facility could jeopardize the security of the facility, as well as the life and safety staff, and other incarcerated individuals, as well as individuals outside the correctional facility as it is not uncommon for incarcerated gang members to orchestrate gang activity in the community at large. 
Based upon the foregoing, it is hereby
ORDERED that the petition is denied in its entirety.
The foregoing constitutes the Decision and Order of the Court.
Dated: July 1, 2024
Monticello, NY
ENTER:
HON. JAMES R. FARRELL, A.J.S.C.