■ In the Matter of JOHNSON NEWSPAPER CORPORATION, Doing Business as WATERTOWN DAILY TIMES, Appellant, v FRANCIS P. STAINKAMP, as Deputy Superintendent of the New York State Police, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered August 2, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' denial of petitioner's request for access to copies of certain police records. Petitioner publishes the *Watertown Daily Times*. Some time prior to October 5, 1981, Paul Browne, a *Daily Times* reporter, informally asked the State Police in Watertown to provide him with access to records reflecting the identity of persons arrested for speeding in Jefferson County. When this request was refused, Browne, in a letter dated October 5, 1981, informed Francis P. Stainkamp, Assistant Deputy Superintendent and Records Access Officer for the State Police, to that effect and formally requested access to "all arrest records of the State Police, infractions or otherwise". In denying this request, Stainkamp observed that its "broad nature" made proper compliance impossible and advised further that persons seeking any such materials must include a specific identification of the record sought and details which would assist in its retrieval. On November 19, 1981, Browne appealed Stainkamp's decision to Chief Inspector Donald Brandon, a member of the three-person State Police Committee on Appeals for Public Access to Records (see 9 NYCRR 483.7); once again "arrest records that would identify persons arrested for speeding" were solicited. At the same time, in an attempt to clarify the phrase "arrest records", Browne wrote Stainkamp stating that what the newspaper desired was "regular and routine access" to the "police blotter". Unbeknownst to Browne,

speeding violations had not been recorded on the blotter since 1969. Stainkamp responded by disallowing access to the blotter because the entry sought had not been specifically identified in accordance with 9 NYCRR 483.5 and 483.6; he also advised Browne that even if the blotter were made available, it would not further Browne's efforts to learn the identities of speeding violators arrested by the State Police as such names were not entered there, but were contained only in the accountability records kept by each individual officer. (The names, of course, were also on the copies of the tickets issued.) Such records, said Stainkamp, were unobtainable as exempt "intra-agency materials" under section 87 of the Public Officers Law (the Freedom of Information Law). On November 27, 1981, Brandon refused to rule on Browne's appeal because of the "clarification" contained in the November 19, 1981 letter to Stainkamp regarding the police blotter. Petitioner then instituted this article 78 proceeding. When Special Term dismissed the petition, this appeal followed. During oral argument, petitioner represented that routine access to copies of traffic tickets issued by the State Police and to the lists of vehicle and traffic violations, which respondents admit each individual officer is required to compile, would fulfill its request. Accordingly, we do not consider any of the contentions raised pertaining to the police blotter. Initially, we are satisfied, from the correspondence between Browne and the State Police, that the information looked for was sufficiently identified to comply with the requirements of the Freedom of Information Law and, unlike the petition in the article 78 proceeding, was limited to Jefferson County. That Browne was unaware of the specific documents upon which that information was recorded and mistakenly believed it to be on the police blotter, did not render his request for records identifying people arrested for speeding and other vehicular infractions impermissibly vague. The description set forth was sufficiently detailed to enable the respondent governmental agency to locate the records in question. Once this requirement was met, the agency could not complain about the nomenclature of the request (*Matter of Zanger v Chinlund,* 106 Misc 2d 86, 90; see *Matter of Dunlea v Goldmark,* 54 AD2d 446, 449, affd 43 NY2d 754; see, also, *Sears v Gottschalk,* 502 F2d 122, cert den 422 US 1056). Petitioner's failure to exhaust its administrative remedy is said to be a jurisdictional impediment to the institution of this article 78 proceeding. Specifically, respondents maintain that petitioner should have formally appealed Stainkamp's ruling that the records sought were "intra-agency" documents to the State Police Committee on Appeals. We find that Browne's letter to Chief Inspector Brandon effectively amounted to such an appeal. Brandon's reply indicates awareness of Stainkamp's letter declaring the records to be exempt "intra-agency" documents. Since, as already noted, Browne's request adequately identified the material sought, the chief inspector lacked authority to require greater specificity and instead should have referred the issue of the records' discoverability to the entire committee. His failure to do so legitimized petitioner's proceeding by CPLR article 78. With respect to the substantive question of whether the records being pursued are reachable, we conclude that the "intra-agency" exemption is inapplicable. The amended Freedom of Information Law creates a presumption of accessibility which may be overcome only if the responding government agency demonstrates convincingly that the materials being sought fall within specific statutory exceptions to discoverability (*Matter of Miracle Mile Assoc. v Yudelson,* 68 AD2d 176, 181, mot for lv to app den 48 NY2d 706). Respondents contend that here the sought-after documents are "intra-agency" materials because the tickets and lists are used by supervisors to compile police records. This reading of the exemption renders many materials used by an agency for record-keeping purposes inaccessible

and gravely impairs the presumption of accessibility. We choose, however, to read the exemption narrowly, as protecting only those materials involving subjective matters which are "integral to the agency's deliberative process" in formulating policy (*Matter of Miracle Mile Assoc., supra,* p 182). Copies of speeding tickets and lists of traffic violations are obviously not within this category, and as they provide the traffic violation information being requested, they should be made available to petitioner. Parenthetically, we note that the conclusion we have arrived at is supported by an advisory opinion furnished petitioner by the Committee on Public Access to Records. Judgment reversed, on the law and the facts, with costs, and petition granted to the extent that petitioner be permitted to examine copies of traffic tickets issued and lists of violations of the Vehicle and Traffic Law compiled by the State Police since October 5, 1981, in and for Jefferson County. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.