■ In the Matter of DONALD H. MICHALAK et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF POMFRET et al., Respondents. [731 NYS2d 129] —Judgment unanimously affirmed without costs. Memorandum: On this appeal by petitioners from a judgment dismissing their CPLR article 78 petition, respondents contend that the appeal should be dismissed as moot. We disagree. Respondent Zoning Board of Appeals of the Town of Pomfret (ZBA) voted on February 10, 2000 to permit respondent New York RSA No. 3 Cellular Partnership (Phone Company) to replace antennas on a cellular tower 200 feet high. The notice of petition challenging the ZBA's decision is dated March 10, 2000. The Phone Company replaced the antennas on March 21, 2000. Although "construction of the underlying project can render a challenge of this type moot when the petitioner has not made any attempt to preserve its rights pending judicial review" (*Matter of Watch Hill Homeowners Assn. v Town Bd.,* 226 AD2d 1031, 1032, *lv denied* 88 NY2d 811), that cannot be said here. The underlying rationale for determining that such a challenge is moot is the defense of laches (*see, Matter of Save the Pine Bush v City Engr. of City of Albany,* 220 AD2d 871, 872, *lv denied* 87 NY2d 807; *Matter of Caprari v Town of Colesville,* 199 AD2d 705, 706), and here petitioners did not delay in instituting legal proceedings to challenge the determination of the ZBA (*cf., Matter of Friends of the Pine Bush v Planning Bd.,* 86 AD2d 246, 248, *affd* 59 NY2d 849). Further, the antennas were replaced in one day and there has been no showing that the Phone Company "would suffer severe hardship if ordered to [remove the new antennas]" (*Matter of Uciechowski v Ehrlich,* 221 AD2d 866, 868).

We further reject respondents' contention that petitioners lack standing to bring the proceeding. Petitioners own property 200 feet from the subject property. Thus, they were "arguably within the zone of interest to be protected by the statute" (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9) and have standing to seek judicial review "without pleading and proving

special damage, because adverse effect or aggrievement can be inferred from the proximity" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 410, *rearg denied* 70 NY2d 694; *see, Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 762; Town of Pomfret Zoning Law art 14 [Telecommunications Facilities Article § 100 (4)]).

We conclude, however, that petitioners' contentions lack merit. We reject petitioners' contention that the ZBA lacked jurisdiction to grant the special use permit. The cellular tower in question was built in an AR-2 district before the Pomfret Town Zoning Law (Zoning Law) was amended by enactment of the Telecommunications Facilities Article, which permits telecommunication facilities only in AR-1, B-2, I-1 and I-2 districts and on municipal property, with a special use permit (*see,* Telecommunications Facilities Article § 300). Because the cellular tower at issue is located in an AR-2 district, it is a preexisting nonconforming use and is not covered by Telecommunications Facilities Article § 300. The Zoning Law in effect when the cellular tower was built allowed uses in AR-2 districts by quasi-public utilities such as telephone utilities (Zoning Law § 405 [B]) and provides that the Municipal Board is the appropriate body to determine requests for special use permits by utilities (Zoning Law § 1101 [B] [1]). The Telecommunications Facilities Article, however, provides that, where it conflicts with local laws, including the Zoning Law, the Telecommunications Facilities Article is controlling and "is meant to control Telecommunication and similar facilities in the Town unless otherwise specifically referenced in this Article" (Telecommunications Facilities Article § 1200). That article does not specifically address the procedure for changing a preexisting nonconforming use. We see no reason to disturb the interpretation of the code enforcement officer and the ZBA that, pursuant to the Telecommunications Facilities Article, the ZBA had jurisdiction to grant the permit despite the fact that preexisting nonconforming uses are not mentioned in Telecommunications Facilities Article § 300 (*see generally, Matter of Frishman v Schmidt*, 61 NY2d 823, 825; *Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464, 468).

We further reject petitioners' contention that the permit impermissibly expanded the preexisting nonconforming use. The modification, i.e., the replacement of the antennas, did not constitute "a change in volume or intensity which result[ed] in a variation or alteration of the specific type of use" (*Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585, 586; *cf., Matter of Gilchrist v Town of Lake George Planning Bd.*, 255

AD2d 791, 792-793). The preexisting cellular tower was also nonconforming with respect to the current height limit of 150 feet, and the cellular tower with the new antennas thus may also exceed 150 feet.

Contrary to petitioners' further contention, respondents met all other requirements for a special use permit. The Phone Company supplied all requested materials and met the requirements for a Type I action under the State Environmental Quality Review Act (ECL art 8 [SEQRA]). The granting of the permit was consistent with the Town's policy of using existing cellular towers whenever possible in order to avoid building new ones (see, Telecommunications Facilities Article § 500 [A]). We further conclude that the ZBA "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417; see, Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688). Thus, contrary to petitioners' contention, the ZBA did not fail to comply with the requirements of SEQRA.

Finally, petitioners contend that the failure of respondent Planning Board of the Town of Pomfret to comply with the Open Meetings Law (Public Officers Law art 7; see, Public Officers Law § 107) warrants reversal of the ZBA's determination. That contention is not properly before us because petitioners failed to raise it at the administrative level and thus failed to exhaust their administrative remedies with respect to it (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—CPLR art 78.) Present— Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.