In the Matter of JEFFREY CULLUM, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [846 NYS2d 472]—

Rose, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered September 8, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2005, petitioner, a prison inmate, was determined to be ineligible for temporary work release due to a tier III conviction for absconding from temporary work release in 1989. On administrative appeal, petitioner was informed that eligibility determinations were not appealable and his prior tier III conviction prevented his participation in the work release program. Based on his belief that the 1989 tier III conviction had been rescinded, petitioner subsequently submitted a Freedom of Information Law (see Public Officers Law art .6 [hereinafter FOIL]) request for copies of his records from 1989. Petitioner was informed that a majority of the records he requested either did not exist or were no longer available. He thereafter commenced this CPLR article 78 proceeding in April 2006, contending that his records concerning the 1989 tier III conviction were erroneous and seeking review of his FOIL request. Supreme Court dismissed the petition, resulting in this appeal.

Although it is now clear that petitioner challenges the accuracy of the records upon which he was found to be ineligible for work release, that portion of his petition seeking to correct those records was properly dismissed by Supreme Court. Petitioner had available to him the procedure afforded by 7 NYCRR 5.50 to seek administrative review and correction of the allegedly erroneous records. In addition, if the requested correction were not made, 7 NYCRR 5.52 would provide petitioner with an administrative appeal. Since nothing in petitioner's papers shows that he pursued such a course, his petition is subject to dismissal for failure to exhaust his administrative remedies (see Matter of Mauleon v Goord, 29 AD3d 1241, 1241-1242 [2006]; Matter of Raqiyb v New York State Div. of Parole, 247 AD2d 684, 684 [1998]).

As for petitioner's FOIL request, however, respondents' failure to inform petitioner of his right to an administrative appeal (see 21 NYCRR 1401.7 [b]) negates the argument that he failed to exhaust his administrative remedies (see Matter of Barrett v Morgenthau, 74 NY2d 907, 909 [1989]; Matter of Pennington v Clark, 307 AD2d 756, 757 [2003]; Matter of Rivette v District At-

*torney of Rensselaer County*, 272 AD2d 648, 649 [2000]). Accordingly, Supreme Court should have considered this portion of the petition on its merits.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking review of petitioner's Freedom of Information Law request; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.