■ In the Matter of JULIE PURCELL, Respondent, v JEFFERSON COUNTY DISTRICT ATTORNEY et al., Appellants. [909 NYS2d 238]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 3, 2009. The judgment awarded attorney's fees and costs to petitioner pursuant to the Freedom of Information Law.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to comply with her request pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) for documents relating to a criminal matter in which she was the complainant. Contrary to the contention of respondents, we conclude that Supreme Court properly denied their motion to dismiss the petition based on the alleged failure of petitioner to exhaust her administrative remedies. "Inasmuch as [respondents] failed to advise petitioner of the availability of an administrative appeal . . . , [they] cannot be heard to complain that petitioner failed to exhaust [her]

administrative remedies" (*Matter of Barrett v Morgenthau*, 74 NY2d 907, 909 [1989]; *see Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]). In any event, the record establishes that petitioner exhausted her administrative remedies by sending a letter to respondents objecting to the denial of her FOIL request and asking respondents to consider her letter an appeal pursuant to Public Officers Law § 89 (4) (a) (*see generally Matter of Johnson Newspaper Corp. v Stainkamp*, 94 AD2d 825, 826 [1983], *mod on other grounds* 61 NY2d 958 [1984]). We further conclude that the court properly denied that part of the motion with respect to respondent Jefferson County District Attorney (District Attorney) inasmuch as the District Attorney is an "officer[ ] or other person . . . whose action may be affected by [this] proceeding" (CPLR 7802 [a]).

We reject respondents' contention that the court erred in awarding attorney's fees and costs to petitioner pursuant to FOIL. Petitioner moved for, inter alia, that relief by order to show cause dated September 2008. Contrary to respondents' contention, the June 2008 order did not preclude the court's subsequent award of attorney's fees inasmuch as the June 2008 order merely ordered respondents to disclose certain records following an in camera review thereof. Although we agree with respondents that petitioner's September 2008 order to show cause was moot to the extent that it sought to compel respondents to disclose various documents that had already been disclosed (*see Matter of Newton v Police Dept. of City of N.Y.*, 183 AD2d 621, 624 [1992]; *see generally Matter of Fuentes v Fischer*, 56 AD3d 919, 920-921 [2008]), the issue of attorney's fees remained in controversy. Contrary to the further contention of respondents, the record establishes that they "had no reasonable basis for denying access" to the majority of the records sought by petitioner (Public Officers Law § 89 [4] [c] [i]). Indeed, respondents offered to produce the majority of the records sought by petitioner if she agreed to withdraw her request for attorney's fees. Even assuming, arguendo, that respondents had a reasonable basis for withholding certain records, we conclude that an award of attorney's fees would nevertheless be appropriate inasmuch as respondents "failed to respond to [petitioner's] request or [her] appeal within the statutory time" (§ 89 [4] [c] [ii]). Finally, we conclude that, under the circumstances of this case, the court did not abuse its discretion in awarding attorney's fees and costs (*see Matter of Powhida v City of Albany*, 147 AD2d 236, 238-239 [1989]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.