Stein, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered September 25, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent denying two requests under the Freedom of Information Law.
Petitioner, a prison inmate, was transferred to another correctional facility at the request of a staff member. His Freedom of Information Law (see Public Officers Law art 6) request for documents pertaining to “a staff separation that provoked [his] transfer” was denied upon the basis that the documents were exempt from disclosure pursuant to Public Officers Law § 87 (2) (a), (b) and (f). Petitioner filed a separate Freedom of Information Law request for various items, including documents related to a lost property claim he had made. A final decision was not rendered on that portion of the request, as the inmate records coordinator mistakenly believed that it had been withdrawn. Petitioner commenced this CPLR article 78 proceeding to challenge both determinations. Supreme Court dismissed the proceeding, and petitioner now appeals.
Respondent concedes, and we agree, that remittal for further proceedings is required. While the documents related to the “staff separation” may well be exempt from disclosure, remittal is necessary so that respondent may identify the specific documents withheld and submit them to Supreme Court for in camera review (see Matter of Gomez v Fischer, 74 AD3d 1399, 1402 [2010], lv dismissed 15 NY3d 858 [2010]; Matter of Nalo v Sullivan, 125 AD2d 311, 312 [1986], lv denied 69 NY2d 612 [1987]). It further appears that no search was conducted for *1409 documents related to petitioner’s unsuccessful property claim and, accordingly, we remit the matter so that respondent may “make a ‘diligent search’ for the [documents], inform petitioner of their status and take appropriate action” (Matter of Gomez v Fischer, 74 AD3d at 1401, quoting Public Officers Law § 89 [3]; see Matter of De Fabritis v McMahon, 301 AD2d 892, 894 [2003]). Inasmuch as “the papers [before us] are insufficient” to permit a resolution of petitioner’s arguments on the merits, we decline his invitation to take any further action in the interest of judicial economy (CPLR 7804 [g]; see Matter of Foundation for Chapel of Sacred Mirrors, Ltd. v Harkins, 98 AD3d 1044, 1045-1046 [2012]).
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that judgment is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.