Matter of Clayton v Chemung County Dist. Attorney Weeden Wetmore (2021 NY Slip Op 03886)





Matter of Clayton v Chemung County Dist. Attorney Weeden Wetmore


2021 NY Slip Op 03886


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

530777
[*1]In the Matter of Scott Clayton, Appellant,
v
Chemung County District Attorney Weeden Wetmore, Respondent.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Scott Clayton, Ocean City, New Jersey, appellant pro se.
M. Hyder Hussain, County Attorney, Elmira, for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Faughnan, J.), entered October 23, 2019 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request and to compel respondent to comply with Judiciary Law § 255.
In April 2018, with the ultimate goal of confirming the integrity of trial evidence underlying a judgment of conviction entered in Steuben County, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent seeking to obtain certain criminal trial exhibits. Respondent, who served as the special prosecutor in the criminal case at issue, as well as a related criminal case, denied the request, asserting that because an appeal from the judgment of conviction was pending at that time, the requested trial exhibits were exempt from disclosure under Public Officers Law § 87 (2) (e) (i).[FN1] Some months later, petitioner sent an undated letter request to the Chemung County Clerk's Office seeking — under Judiciary Law § 255 — copies of certain criminal trial exhibits.[FN2] In response, in May 2019, the Chief Clerk of the Chemung County Clerk's Office indicated that it does not maintain records for Steuben County Court and stated that it had forwarded petitioner's letter request to respondent.[FN3] A few weeks later, petitioner — proceeding pro se — commenced the instant CPLR article 78 proceeding challenging the denial of his document requests and seeking to compel their disclosure. Following joinder of issue and a hearing on the matter, Supreme Court dismissed the petition. Petitioner appeals, and we affirm.
Petitioner challenges the denial of his FOIL request and seeks to compel disclosure of the requested trial exhibits. "Pursuant to FOIL, government agencies are required to make available for public inspection and copying all governmental records, unless the agency can demonstrate that such documents are statutorily exempt from disclosure by Public Officers Law § 87 (2)" (Matter of Jamison v Watson, 176 AD3d 1405, 1406 [2019] [internal quotation marks and citations omitted]; see Matter of Gilbert v Office of the Governor of the State of N.Y., 170 AD3d 1404, 1405 [2019]). As relevant here, Public Officers Law § 87 (2) (e) (i) provides that a governmental agency may deny access to records where such records "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations or judicial proceedings."
Here, there is no dispute that an appeal was pending in the underlying criminal action when respondent denied petitioner's FOIL request for certain criminal trial exhibits. Given the pendency of the appeal, we discern no error in respondent's determination that the requested exhibits were exempt from disclosure under Public Officers Law § 87 (2) (e) (i) (see Matter of Whitley v New York County Dist[*2]. Attorney's Off., 101 AD3d 455, 455 [2012]; Matter of Sideri v Office of Dist. Attorney of N.Y. County, 243 AD2d 423, 423 [1997], lv denied 91 NY2d 808 [1998]; Matter of Walsh v Wasser, 225 AD2d 911, 912 [1996]). Petitioner claims that respondent is disparately applying the exemption because, while the criminal appeal was pending, a certain network television program obtained the trial exhibits that he had requested and been denied. However, there is no evidence in the record to establish how the network television program obtained the exhibits or whether they were obtained under FOIL.
Further, as Supreme Court properly concluded, Judiciary Law § 255 cannot be used to compel respondent to produce records, as that statute does not apply to district attorneys. Though difficult to navigate, particularly when proceeding pro se, requests for disclosure of information from respondent must be made pursuant to FOIL. As Supreme Court noted, if there are no further appeals or related judicial proceedings pending, the exemption set forth in Public Officers Law § 87 (2) (e) (i) would no longer be applicable and petitioner would be free to make another FOIL request to respondent for copies of the desired trial exhibits (see Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]).
Finally, with respect to petitioner's assertion that Supreme Court should have commenced a review of the evidence underlying the judgment of conviction, we need only note that petitioner lacks standing to seek such review (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 771-773 [1991]). To the extent that we have not addressed any of petitioner's remaining contentions, such contentions are either not properly before us or without merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: On appeal, respondent has abandoned his argument that petitioner failed to exhaust his administrative remedies. In any event, inasmuch as respondent did not notify petitioner of his right to administratively appeal the denial, he cannot be heard to complain on such ground (see Matter of Purcell v Jefferson County Dist. Attorney, 77 AD3d 1328, 1328-1329 [2010]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1291 [2009]).

Footnote 2: Petitioner previously made a FOIL request to the Clerk of the Steuben County Legislature, apparently seeking copies of a bill of particulars and a proffer agreement. A record access officer for the Steuben County Legislature denied the request, advising that it did not maintain court records and that such records were instead maintained by the Steuben County Clerk's Office.

Footnote 3: There is no indication in the record that respondent replied to the forwarded letter request.