Matter of Sapienza v City of Buffalo (2021 NY Slip Op 04826)





Matter of Sapienza v City of Buffalo


2021 NY Slip Op 04826


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


425 CA 20-01056

[*1]IN THE MATTER OF JOSEPH SAPIENZA, AFFORDABLE ELECTRICAL SERVICES BY SAPIENZA ELECTRIC, INC., AND RUPP BAASE PFALZGRAF CUNNINGHAM LLC, PETITIONERS-RESPONDENTS,
v
CITY OF BUFFALO, RESPONDENT-APPELLANT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (WILLIAM P. MATHEWSON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CHAD A. DAVENPORT OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 5, 2020 in a proceeding pursuant to CPLR article 78. The judgment awarded petitioners attorney's fees and costs. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding to compel respondent to comply with petitioners' requests pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6), respondent appeals from a judgment determining that petitioners substantially prevailed in the proceeding and awarding petitioners attorney's fees and costs. We affirm.
Contrary to respondent's contention, we conclude that petitioners properly brought this proceeding after respondent failed to meet its anticipated date for producing documents in response to one of petitioners' FOIL requests and ignored petitioners' additional FOIL requests. Respondent's failure to timely respond to petitioners' FOIL requests constituted a denial of access (see Public Officers Law § 89 [3] [a]; [4] [a]) and gave petitioners grounds to commence an article 78 proceeding for review thereof (see Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 406 [1st Dept 2013], appeal dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]).
We reject respondent's contention that petitioners failed to exhaust their administrative remedies prior to commencing the instant proceeding. The Public Officers Law provides that "any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity, or the person therefor designated by such head, chief executive, or governing body" (§ 89 [4] [a]). Here, petitioners exhausted their administrative remedies by timely sending letters to respondent objecting to its denial of their requests and asking it to consider their letter appeals pursuant to Public Officers Law § 89 (4) (a) (see Matter of Purcell v Jefferson County Dist. Attorney, 77 AD3d 1328, 1329 [4th Dept 2010]).
We reject respondent's contention that petitioners were not entitled to attorney's fees because they did not "substantially" prevail within the meaning of FOIL's fee-shifting provision (Public Officers Law § 89 [4] [c] [i]). To the contrary, petitioners received a complete response to their requests only after commencing the instant proceeding (see Matter of Whitehead v Warren County Bd. of Supervisors, 165 AD3d 1452, 1453-1454 [3d Dept 2018]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [3d Dept 2011]). [*2]Finally, we see no reason to disturb Supreme Court's award of attorney's fees and costs.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court