Matter of Thomas v Kane (2022 NY Slip Op 02164)





Matter of Thomas v Kane


2022 NY Slip Op 02164


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

531377
[*1]In the Matter of Kevin L. Thomas, Appellant,
v
Joseph Kane, as Chief of Police of the City of Elmira Police Department, Respondent.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Kevin L. Thomas, Sonyea, appellant pro se.
John J. Ryan Jr., Corporation Counsel, Elmira (Jordan J. Yorke of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Blaise III, J.), entered March 16, 2020 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
After a traffic stop in 2016, petitioner was arrested and ultimately pleaded guilty to charges arising from his drug possession. He is currently incarcerated upon that conviction. At a hearing conducted in the course of his criminal action, the arresting officer testified that his vehicle had been equipped with a "dash cam" video recording device; video from any such device had been requested but had not been produced. Petitioner has continued to seek information and documentation related to any such devices and recordings. After submitting such requests and receiving responses pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), petitioner sent the subject FOIL request, dated May 17, 2019, consisting of eight numbered paragraphs. The initial reply indicated that a response would be made by June 23, 2017. Petitioner did not receive a response and sent a follow-up letter a few days later. This correspondence sought, among other things, information about how and to whom he could appeal. As there was still no response, petitioner commenced this proceeding seeking an order compelling respondent to provide records responsive to his FOIL request. Supreme Court dismissed the petition. Petitioner appeals.
"Initially, as respondent never informed petitioner of the availability of or process for an administrative appeal, respondent cannot now argue that petitioner[] failed to exhaust [his] administrative remedies by filing such an appeal at an earlier date" (Matter of Carnevale v City of Albany, 68 AD3d 1290, 1291 [2009] [citations omitted]; see 21 NYCRR 1401.7 [b]; Matter of Barrett v Morgenthau, 74 NY2d 907, 909 [1989]; Matter of Purcell v Jefferson County Dist. Attorney, 77 AD3d 1328, 1328-1329 [2010]; Matter of Cullum v Goord, 45 AD3d 1212, 1212 [2007]).[FN1] Thus, we will address whether petitioner was improperly denied any records that he sought in his May 17, 2019 FOIL request.
FOIL pertains to the availability of public records (see Public Officers Law § 87 [1] [b]; [2]), defined as "any information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever" (Public Officers Law § 86 [4]). Although one of petitioner's prior FOIL requests sought dashboard camera video from the night of his arrest, he was informed that no such video exists. In his May 17, 2019 FOIL request, petitioner did not seek video. Instead, he sought respondent's policies and information concerning creation, retention and storage of such video and related paperwork, both in general and on the night in question. Paragraphs 1 and 3 of petitioner's request sought policies and [*2]procedures related to respondent's mobile video systems (i.e., dashboard cameras). Documents in the record demonstrate that respondent previously provided petitioner with respondent's General Order 655 (pertaining to the mobile video systems) in response to a prior FOIL request, which is substantiated by petitioner's inclusion of that document as an exhibit to his petition. It therefore appears that petitioner has received the records that he is entitled to under those paragraphs.
Despite the introductory sentence in petitioner's FOIL request stating that he was requesting "records or portions thereof pertaining to" the following items, paragraphs 2 and 4 through 8 appear to be seeking information rather than the production of records. Nevertheless, it is possible that respondent may possess records pertaining to the information sought within those paragraphs.
We acknowledge that "nothing in [FOIL] shall be construed to require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89 [3] [a]; see Matter of Broach & Stulberg, LLP v New York State Dept. of Labor, 195 AD3d 1133, 1134 [2021], lv denied 37 NY3d 914 [2021]). However, the statute commands that a government entity that does not supply any record in response to a FOIL request "shall certify that it does not have possession of such record or that such record cannot be found after diligent search" (Public Officers Law § 89 [3] [a]; see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]). Although "[t]he statute does not specify the manner in which an agency must certify that documents cannot be located" (Matter of Rattley v New York City Police Dept., 96 NY2d at 875; accord Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446, 1449 [2021]), respondent failed to provide any such certification (see Matter of De Fabritis v McMahon, 301 AD2d 892, 894 [2003]; see also Matter of Baez v Brown, 124 AD3d 881, 884 [2015], lv dismissed 26 NY3d 981 [2015]; compare Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [2020]; Matter of Kindred v City of Albany Off. of the City Clerk, 97 AD3d 1043, 1044 [2012], lv denied 20 NY3d 855 [2013]; Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 761 [2012]). Accordingly, "we remit the matter to Supreme Court for a determination of whether respondent has any other documents in [his] possession which are responsive to petitioner's FOIL request" (Matter of De Fabritis v McMahon, 301 AD2d at 894), or, if no responsive records can be found after a diligent search, for respondent to provide a proper certification as required (see Matter of Kairis v Fischer, 110 AD3d 1408, 1409 [2013]).
Egan Jr., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with [*3]this Court's decision.



Footnotes

Footnote 1: In any event, while this proceeding was pending in Supreme Court and after respondent asserted a defense of failure to exhaust administrative remedies, petitioner submitted an administrative appeal of respondent's constructive denial of his FOIL request. That administrative appeal was forwarded to the Mayor of the City of Elmira, who determined that petitioner was not entitled to any records.