Matter of Cortex Tel. LLC v New York State Dept. of Health (2023 NY Slip Op 06294)

Matter of Cortex Tel. LLC v New York State Dept. of Health

2023 NY Slip Op 06294

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

536110 CV-22-2266
[*1]In the Matter of Cortex Television LLC, Doing Business as The Healthcare Channel, Appellant,
v
New York State Department of Health, Respondent.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Emmet, Marvin & Martin, LLP, New York City (Judith L. Swartz of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the Supreme Court (Richard M. Koweek, J.), entered July 6, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request, and (2) from an order of said court, entered November 30, 2022 in Albany County, which, upon reargument, adhered to its prior decision dismissing the petition.
Petitioner, a media company that produces healthcare-related content for a target audience of doctors and policymakers, made a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent. The nine-part request sought information about the treatment provided to COVID-19 patients in hospitals, as well as statistics relating to hospital deaths in general and those specifically due to COVID-19. Some parts of the FOIL request were limited to public hospitals in the New York City area, which fall under the auspices of the New York City Health and Hospitals Corporation (hereinafter HHC), a New York State public benefit corporation (see McKinney's Uncons Laws of NY § 7382) over which respondent exercises oversight (see Public Health Law § 2800; Harlem Hosp. Ctr. Med. Bd. v Hoffman, 84 AD2d 272, 281 [1st Dept 1982], appeal dismissed 56 NY2d 807 [1982]). Respondent's records access office (hereinafter the RAO) provided records pertaining to parts 1 through 4 and 9 of the FOIL request. The RAO also indicated that a diligent search had revealed no records responsive to parts 5, 6 and 8 of the request, and that no complete data was available in response to part 7 of the request.
Petitioner then filed an administrative appeal in which it sought complete responses to parts 5 through 8 of its FOIL request and updated responses to parts 1 through 4.[FN1] The administrative appeal was denied, following which petitioner commenced the instant CPLR article 78 proceeding seeking, among other things, to annul respondent's determination and compel respondent to provide it with all of the records sought. Supreme Court dismissed the petition in its entirety, and petitioner moved to reargue. Supreme Court granted reargument but adhered to its prior decision, prompting this appeal by petitioner, challenging both rulings.
As set forth in its appellate brief, petitioner only takes issue with the responses provided by respondent relative to parts 5 through 8 of the FOIL request, arguing that they were incomplete. We disagree. Upon receipt of a proper FOIL request, an agency is required by statute to provide the record in question or "certify that it does not have possession of such record or that such record cannot be found after diligent search" (Public Officers Law § 89 [3] [a]; see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; Matter of Binghamton Precast & Supply Corp. v New York State Thruway Auth., 196 AD3d 944, 945 [3d Dept 2021]).
In connection with its answer[*2], respondent submitted a sworn affidavit from Rosemarie Hewig, its records access officer. According to Hewig, the RAO reached out to representatives from several of respondent's various programs while searching for documents responsive to petitioner's FOIL request. Specifically, the RAO consulted with respondent's Office of Primary Care and Health Systems Management Division of Hospitals, its Division of Certification and Surveillance and its Office of Quality and Patient Safety. Relative to part 5 of petitioner's request, seeking state guidelines for handling the clinical care of COVID-19 patients, including when and how to administer medications and ventilators, and part 8, which sought plans to create hospice-like wards within intensive care units of hospitals where COVID-19 patients were left to receive minimal care, representatives confirmed that they do not maintain any such guidelines or plans. As for part 6, requesting the number of COVID-19 patients in HHC hospitals who received certain specified treatments, and part 7, which requested the number of COVID-19 patients in HHC hospitals who were treated with ventilators and their respective outcomes, representatives verified that they do not possess data responsive to these requests. Hewig also noted in her affidavit that, because HHC is a separate entity, respondent does not have access to all of the records kept by HHC, but only those that are required to be provided to respondent in its regulatory role. In light of the aforementioned, we are satisfied that respondent furnished appropriate responses to the subject portions of the FOIL request by certifying that the sought-after documents did not exist or could not be found despite a diligent search (see Matter of Wright v Woodard, 158 AD3d 958, 959 [3d Dept 2018]; Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [3d Dept 2017]).
We are similarly unpersuaded by petitioner's alternative contention that Supreme Court was required to conduct an evidentiary hearing prior to resolving the petition. "Where an agency properly certifies that it does not possess a requested record, a petitioner may be entitled to a hearing on the issue if it can articulate a demonstrable factual basis to support the contention that the requested document existed and was within the agency's control" (Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]). "That said, unsupported speculation that records have been withheld is an insufficient basis upon which to grant a petition" (Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 973 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]).
Petitioner, claiming that the information sought must necessarily exist, pointed to a regulation obligating physicians to report outbreaks of communicable diseases (see 10 NYCRR 2.10). However, that regulation merely requires[*3], as relevant here, that public hospitals report the name, age and address of each individual diagnosed with such a disease (see 10 NYCRR 2.10). It does not mandate the reporting of protocols, plans, treatments or outcomes, as sought in petitioner's FOIL request. Petitioner also relied upon certain forms used by hospitals for reporting individual patients with communicable diseases, but the fact that these forms contain spaces where optional comments can be provided regarding a patient's treatment does not necessarily mean that hospitals actually reported the particular information being pursued by petitioner. Moreover, even assuming that such information had been reported on these forms for certain patients, petitioner's FOIL request sought data in the aggregate, and petitioner has made no showing that respondent possesses any such aggregated data. To that end, and subject to certain exceptions not applicable here, "[a]n agency is not required to create records in order to comply with a FOIL request" (Matter of He'ron v Office of the Dist. Attorney, Bronx County, 96 AD3d 531, 531 [1st Dept 2012], lv denied 19 NY3d 815 [2012]; see Public Officers Law § 89 [3] [a]; Matter of Reubens v Murray, 194 AD2d 492, 492 [1st Dept 1993]).
Accordingly, based upon all of the foregoing, we find that Supreme Court properly dismissed the petition. To the extent not specifically addressed herein, petitioner's remaining contentions have been considered and determined to be without merit.
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.

Footnotes

Footnote 1: Petitioner did not reference part 9 of its FOIL request in its administrative appeal.