Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 06091)

Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 06091

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1206
[*1]In the Matter of Appellate Advocates, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Appellate Advocates, New York City (Lisa Napoli of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Fisher, J.
Appeals (1) from a judgment of the Supreme Court (Gerald W. Connolly, J.), entered May 5, 2023 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents partially denying petitioner's Freedom of Information Law request, and (2) from an order of said court, entered May 8, 2023 in Albany County, which directed that certain records be sealed.
In December 2019, petitioner made a complex, 21-part Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent Department of Corrections and Community Supervision (hereinafter DOCCS) seeking a variety of records related to the placement of individuals subject to the Sexual Assault Reform Act (hereinafter SARA) with the New York City Department of Homeless Services (hereinafter DHS) upon their release from incarceration. DOCCS acknowledged the request, advised that it would need additional time to respond and ultimately partially granted certain parts — some with heavy redactions — while denying the remaining parts of the request for various reasons. As relevant here, DOCCS denied petitioner's request for an agreement between DOCCS and DHS regarding the implementation of SARA on the grounds that, after a diligent search, no records responsive to that request could be located. Petitioner administratively appealed certain redactions and the denial relating to the agreement, providing various transcripts of proceedings where individuals from DOCCS or DHS made reference to an agreement about placing individuals subject to SARA in New York City; the administrative appeal was denied.
Petitioner then commenced this CPLR article 78 proceeding seeking review of the decision denying the request and either an order directing DOCCS to produce the records responsive to petitioner's request for the relevant agreement, or for a hearing to evaluate the sufficiency of DOCCS's efforts to locate the responsive materials. Petitioner also challenged the redactions on certain records produced by DOCCS as being excessive and not subject to any privilege. Following joinder of issue and oral argument, Supreme Court found that DOCCS's certification that no records responsive to petitioner's request could be located was sufficient, that a hearing was therefore unnecessary, and that, based on an in camera review of certain unredacted materials, the redacted documents were not improperly withheld from petitioner. As a result, Supreme Court dismissed the petition and, in a separate order, directed that the documents submitted for an in camera review should be sealed. Petitioner appeals from the judgment and the order.
We affirm. "FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying" (Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision, 224 AD3d [*2]974, 975 [3d Dept 2024] [internal quotation marks and citations omitted]; see Public Officers Law § 87 [2]). Where, as here, an agency maintains that it cannot locate a requested record, the agency "shall certify that it does not have possession of such record or that such record cannot be found after diligent search" (Public Officers Law § 89 [3] [a]; see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 973 [3d Dept 2022]). In turn, "a petitioner may be entitled to a hearing on the issue if it can articulate a demonstrable factual basis to support the contention that the requested document existed and was within the agency's control" (Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]). However, "unsupported speculation that records have been withheld is an insufficient basis upon which to grant a petition" (Matter of Cortex Tel. LLC v New York State Dept. of Health, 222 AD3d 1083, 1085 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 42 NY3d 901 [2024]).
"Although the statute does not specify the manner in which an agency must certify that documents cannot be located" (Matter of Thomas v Kane, 203 AD3d 1487, 1489 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]), based upon our review of the record, we are satisfied that DOCCS fulfilled its statutory duty under Public Officers Law § 89 (3) (a). According to the affirmation of its assistant counsel, who served as DOCCS's records appeal officer and averred that he had personal knowledge of both DOCCS's record-keeping practices and petitioner's FOIL request, he conducted a diligent search of departmental records and failed to locate any agreement between DOCCS and DHS. In doing so, he discovered other relevant materials, including several DOCCS Directives that partially related to petitioner's request, certain email correspondence related to the referral process from DOCCS to DHS, and a memorandum from the deputy commissioner of DOCCS that further detailed the procedures for reviewing SARA conditions and the locations of daycares. He further provided an affidavit from the re-entry manager with DOCCS, who had worked closely with DHS for approximately eight years in placing individuals subject to SARA. Based on the re-entry manager's personal knowledge of the process for which SARA individuals are placed and the FOIL request, she averred that she was unaware of any formal or informal agreement between the agencies relating to such placements other than the documents referenced by the assistant counsel (see Matter of Cortex Tel. LLC v New York State Dept. of Health, 222 AD3d at 1085; Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 972-973).
In response to the valid certification, petitioner failed to demonstrate that it was entitled to a hearing. Petitioner largely relied on public statements [*3]made by representatives from either DOCCS or DHS in other proceedings — including statements by the re-entry manager — wherein such individuals made repeated references to an "agreement," "arrangement," "partnership" or some other type of mutual understanding between DOCCS and DHS. Such testimony demonstrated a consistent understanding between representatives from both agencies as to the specific number of SARA-restricted individuals that could be placed with DHS each month. However, such proffer did not provide an adequate factual basis to entitle petitioner to a hearing because, although it is clear from the record that DOCCS and DHS have a working relationship involving the placement of SARA-restricted individuals in DHS shelters, the idea that this relationship must have been memorialized in writing somewhere is merely speculative (see Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d at 1558). Indeed, none of the individuals testified that the "agreement" was reduced to a writing. Nor did any of the individuals expressly cite to or identify such a document. Rather, their testimony only confirmed the existence of a working understanding between the agencies — as evinced by an email disclosed through a FOIL request that referenced certain DOCCS Directives and informal steps — and is therefore insufficient to demonstrate that responsive materials were withheld so as to warrant a hearing in light of the certification by DOCCS (see Matter of Cortex Tel. LLC v New York State Dept. of Health, 222 AD3d at 1085; Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 973).
Lastly, we find no merit to petitioner's challenge relating to the redactions of certain documents that were disclosed by DOCCS. Based upon our review of the in camera exhibits, we agree with Supreme Court that the redacted portions were either nonresponsive, would constitute an unwarranted invasion of personal privacy, or would reveal privileged communications between the re-entry manager and DOCCS counsel (see Public Officers Law § 87 [2]; Matter of Whitfield v FOIL Appeals Officer, Dept. of Corr. & Community Supervision, 221 AD3d 1341, 1345 [3d Dept 2023]; Matter of Hutchinson v Annucci, 189 AD3d 1850, 1855 [3d Dept 2020]). Accordingly, Supreme Court properly dismissed the petition. We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Clark, J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.