Matter of Town of Fremont v New York State Bd. On Elec. Generation Siting & the Envt. (2026 NY Slip Op 00733)

Matter of Town of Fremont v New York State Bd. On Elec. Generation Siting & the Envt.

2026 NY Slip Op 00733

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

948 OP 25-00654

[*1]IN THE MATTER OF TOWN OF FREMONT, PETITIONER,
vNEW YORK STATE BOARD ON ELECTRIC GENERATION SITING AND THE ENVIRONMENT, NEW YORK STATE, BARON WINDS LLC, AND BARON WINDS II LLC, RESPONDENTS. 

WISNIEWSKI LAW PLLC, WEBSTER (BENJAMIN E. WISNIEWSKI OF COUNSEL), FOR PETITIONER.
JOHN J. SIPOS, GENERAL COUNSEL, NEW YORK STATE PUBLIC SERVICE COMMISSION, ALBANY (TIMOTHY PAVELKA OF COUNSEL), FOR RESPONDENTS NEW YORK STATE BOARD ON ELECTRIC GENERATION SITING AND THE ENVIRONMENT, AND NEW YORK STATE.
YOUNG/SOMMER LLC, TROY (JESSICA ANSERT KLAMI OF COUNSEL), FOR RESPONDENTS BARON WINDS LLC, AND BARON WINDS II LLC. 

 Proceeding pursuant to Public Service Law § 170 (1) (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to, inter alia, set aside portions of the rehearing decision of respondent New York State Board on Electric Generation Siting and the Environment. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Baron Winds LLC (Baron Winds), a respondent in this proceeding, submitted an application pursuant to Public Service Law article 10 to the New York State Board on Electric Generation Siting and the Environment (Board), also a respondent in this proceeding, seeking approval of a project involving the construction of a wind-powered electric generating facility consisting of numerous wind turbines in several towns in Steuben County. In response to the application, the Board issued a "Certificate of Environmental Compatibility and Public Need" (certificate) in September 2019 that authorized Baron Winds, subject to certain conditions, to construct and operate a wind farm consisting of up to 68 turbines with heights of approximately 492 feet and a total maximum generating capacity of 242 megawatts.
Baron Winds subsequently submitted a petition to the Board in March 2020 seeking to amend the certificate (amendment petition) by, in effect, dividing the project into two construction phases. The Board issued an order (first phase order) granting the amendment petition, thereby authorizing Baron Winds to install during the first phase of construction in the Towns of Cohocton, Dansville, and Wayland up to 33 turbines, 26 of which could have an increased maximum height of 650 feet, with a maximum generating capacity of up to 166.6 megawatts. Thereafter, Baron Winds and Baron Winds II LLC (Baron Winds II), another respondent in this proceeding (collectively, Baron Winds respondents), submitted a second amendment petition to the Board in September 2022 seeking to further amend the certificate with respect to the second phase of construction in the Town of Fremont (Fremont), the petitioner in this proceeding. Following an evidentiary hearing, the Board issued an order (second phase order) in July 2024 granting the second amendment petition in part by, among other things, concluding that the 1,500-foot setback distance for non-participating property owners was [*2]sufficiently protective of those residences and was consistent with Board precedent, maintaining total maximum generating capacity of 242 megawatts for the entire project, and waiving the turbine height restriction in Fremont's local law. Fremont sought rehearing, and the Board subsequently issued a rehearing decision in March 2025 that granted rehearing, clarified portions of the second phase order, and ultimately adhered to its determination granting the Baron Winds respondents' second amendment petition.
Fremont commenced this CPLR article 78 proceeding against the Board and New York State (collectively, State respondents) and the Baron Winds respondents, initiated in this Court pursuant to Public Service Law § 170 (1), seeking, inter alia, to set aside portions of the rehearing decision. We confirm the determination, and therefore we dismiss the amended petition.
Preliminarily, we reject the contention of the Baron Winds respondents that the proceeding is moot by virtue of their completion of the second phase of construction and Fremont's failure to seek injunctive relief. "Although 'construction of the underlying project can render a challenge of this type moot when the petitioner has not made any attempt to preserve its rights pending judicial review,' " that cannot be said here (Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906, 906 [4th Dept 2001]; see generally Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]). The record establishes that the Baron Winds respondents were "placed on notice that if they proceeded with construction, it would be at their own risk" during the pendency of Fremont's petition for rehearing (Matter of Watch Hill Homeowners Assn. v Town Bd. of Town of Greenburgh, 226 AD2d 1031, 1032 [3d Dept 1996], lv denied 88 NY2d 811 [1996]), and that Fremont opposed the request of Baron Winds II to proceed with the second phase of construction during the pendency of the Board's determination on rehearing, objected to the Board's delay in rendering such a determination, and did not delay in commencing this proceeding to challenge the rehearing decision of the Board (see Michalak, 286 AD2d at 906). Contrary to the Baron Winds respondents' related contention, we conclude that the circumstances here "fail to reflect a prejudicial 'neglect in promptly asserting a claim' by [Fremont] that would warrant applying the doctrine of laches" (Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1485 [3d Dept 2019]; see Michalak, 286 AD2d at 906).
On the merits, Fremont contends that the Board violated Public Service Law § 170 (1) by failing to timely decide its application for a rehearing. We note at the outset that, contrary to the State respondents' assertion, Fremont has standing to challenge the timeliness of the Board's rehearing decision (see id.; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). We nonetheless agree with the Baron Winds respondents and the State respondents that, although the Board delayed in rendering its rehearing decision, Fremont is not entitled to any relief because the time limitation in the statute is directory only, not mandatory (see Matter of Rochester Gas & Elec. Corp. v Maltbie, 272 App Div 162, 165-166 [3d Dept 1947]; see generally Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 535-536 [1992]), and Fremont has failed to show that it suffered substantial prejudice from the minimal delay (see generally Matter of Dickinson v Daines, 15 NY3d 571, 577 [2010]).
Fremont further contends that the Board's rehearing decision is arbitrary and capricious and an abuse of discretion because, according to Fremont, the Board modified the setback requirement and maximum generating capacity limit established in the second phase order without a sound basis. Initially, contrary to the assertion of the Baron Winds respondents, we conclude under the circumstances of this case that Fremont's contention is properly before us inasmuch as it exhausted its administrative remedies with respect thereto (see Public Service Law § 170 [1]; Matter of Sapienza v City of Buffalo, 197 AD3d 914, 915 [4th Dept 2021]; cf. Matter of Town of Cambria v New York Off. of Renewable Energy Siting, 228 AD3d 1336, 1341 [4th Dept 2024], lv denied 42 NY3d 912 [2025]; Matter of Coalition of Concerned Citizens v New York State Bd. on Elec. Generation Siting & the Envt., 199 AD3d 1310, 1314 [4th Dept 2021], appeal dismissed 37 NY3d 1168 [2022]).
We nonetheless reject Fremont's contention on the merits. Our "scope of review is limited to whether the decision and opinion of the [B]oard, inter alia, are . . . supported by substantial evidence in the record and matters of judicial notice properly considered and applied in the opinion . . . , are made in accordance with proper procedure[,] . . . and are not arbitrary, [*3]capricious or an abuse of discretion" (Coalition of Concerned Citizens, 199 AD3d at 1312 [internal quotation marks omitted]). "[W]here, as here, the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]).
Contrary to Fremont's assertion, the Board's rehearing decision was not arbitrary and capricious or an abuse of discretion with respect to the setback distance for non-participating property owners. The second phase order specifically agreed with the position of the Baron Winds respondents that the 1,500-foot setback distance for non-participating property owners was sufficiently protective of those residences and was consistent with Board precedent. It was therefore not arbitrary and capricious or an abuse of discretion for the Board to clarify in its rehearing decision that, notwithstanding any additional inconsistent language in the second phase order, the Board did not intend to set a more restrictive setback than that required under applicable local law and that application of that local law required a setback distance of 1,500 feet measured from any non-participating residence (see Cambria, 228 AD3d at 1339-1341; Coalition of Concerned Citizens, 199 AD3d at 1312-1313). We thus conclude that, "although the record contains some conflicting evidence 'and room for choice exists[,] there is a rational basis for the [Board's] determination' " regarding the setback requirement (Coalition of Concerned Citizens, 199 AD3d at 1313).
Contrary to Fremont's further assertion, the Board's rehearing decision was not arbitrary and capricious or an abuse of discretion with respect to the generating capacity authorized under the second phase order. The certificate approved a total maximum generating capacity of 242 megawatts for the entire project. The first phase order allowed a maximum generating capacity of up to 166.6 megawatts in the first phase while retaining the total maximum capacity for the entire project. The first phase order also noted that any amendment for the second phase would be considered in terms of the cumulative impacts with the first phase, and it is undisputed that the first phase, as constructed, operated at a maximum generating capacity of 122 megawatts. It was therefore not arbitrary and capricious or an abuse of discretion for the Board to conclude in its rehearing decision that the Baron Winds respondents could operate the second phase at a generating capacity of 117 megawatts without amendment to the certificate because the combined operative generating capacity of the two phases would not exceed the total maximum generating capacity of 242 megawatts permitted in the certificate (see Cambria, 228 AD3d at 1339-1341; Coalition of Concerned Citizens, 199 AD3d at 1312-1313). We thus conclude that there is a rational basis for the Board's determination regarding the generating capacity authorized under the second phase order (see Coalition of Concerned Citizens, 199 AD3d at 1313).
Fremont also contends that the Board unlawfully waived Fremont's local laws regarding setbacks and turbine height restrictions and that the Board's choice to do so was arbitrary and capricious and an abuse of discretion. We reject that contention. To the extent that Fremont asserts that the statutory provision allowing the Board to waive application of a local law (Public Service Law § 168 [3] [e]) violates the home rule provision of the New York State Constitution (NY Const art IX, § 2), we conclude that Fremont's assertion lacks merit inasmuch as the statutory provision empowering the Board to preempt local laws "is a general law, applying uniformly to all municipalities . . . , and energy infrastructure siting is a matter of State concern" (Matter of Town of Copake v New York State Off. of Renewable Energy Siting, 216 AD3d 93, 105 [3d Dept 2023], appeal dismissed 41 NY3d 990 [2024], reconsideration dismissed 42 NY3d 1034 [2024] [footnote omitted]; see Matter of Citizens for Hudson Val. v New York State Bd. on Elec. Generation Siting & Envt., 281 AD2d 89, 95 [3d Dept 2001]; see generally County of Onondaga v State of New York, — NY3d —, —, 2025 NY Slip Op 05737, *3-4 [2025]). Contrary to Fremont's assertion, we conclude that the Board did not act in an arbitrary and capricious manner or abuse its discretion in electing not to apply the turbine height restrictions of the local law after considering the requisite factors and finding that application of those restrictions would be unreasonably burdensome in view of the existing technology (see § 168 [3] [e]; [4]; Cambria, 228 AD3d at 1340-1341). Finally, contrary to Fremont's assertion, we conclude that the Board did not act in an arbitrary and capricious manner or abuse its discretion in determining that no waiver of the 1,500-foot setback requirement in the local law was necessary (see Coalition of Concerned Citizens, 199 AD3d at 1315).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court